Spalding *v.* Day.

———◆———

PAMELIA C. SPALDING AND ANOTHER *vs.* DARIUS DAY.

In actions of account judgment against the defendant that he do account is not required in all cases. By consent of parties auditors may be appointed without such judgment.

On the trial before auditors the parties were required to furnish each other copies of their respective claims, no bill of particulars having been previously filed by either party. Held that this proceeding was correct.

A remonstrance against the report of the auditors alleged that they received improper testimony, but did not allege that the party remonstrating was injured thereby. Held insufficient.

ACTION OF ACCOUNT, with the common counts in assumpsit,

brought to the Superior Court in Windham County. The case was referred to auditors, who reported in favor of the plaintiffs, and the defendant remonstrated against the acceptance of the report. The court (*Foster, J.,*) over-ruled the remonstrance, accepted the report, and rendered judgment in accordance with it for the plaintiffs, and the defendant moved for a new trial. The case is sufficiently stated in the opinion,

*Johnson,* in support of the motion.

*Cleveland* and *Lyon,* contra.

CARPENTER, J. This was an action of account. No plea was filed in the Superior Court, and no preliminary judgment that the parties do account was rendered.

The parties however agreed that auditors should be appointed, and agreed upon the auditors, who were appointed accordingly. At the hearing before them the defendant objected to this proceeding, but the objection was over-ruled and they proceeded to state the account between the parties.

The defendant remonstrated against the acceptance of the report on several grounds. Three only were found true by the Superior Court, but they were held to be insufficient, and the report was accepted and judgment rendered thereon. The defendant moves for a new trial on the ground of error in the several rulings of the court.

1. That there was no formal judgment of account rendered before the appointment of the auditors.

This objection cannot prevail. According to our practice in actions of account no preliminary judgment is required, unless the pleadings present some issue proper to be determined by the court in the first instance. The defendant filed no plea and of course no such issue could be raised. By consenting to the appointment of auditors in this state of the case, he admitted that he was bailiff and receiver, and that there were no matters in controversy between the parties except the statement of the account.

2. On the trial the auditors directed the parties to furnish

each other with copies of their respective claims. No bill of particulars had been filed by either party. The auditors in the exercise of a sound discretion, and for the purpose of facilitating the trial, directed that this should be done that the parties might apprise each other of their respective claims, and that neither party should be taken by surprise. We see no objection to this proceeding, but on the contrary, think it was reasonable and proper.

3. On the trial the auditors admitted evidence against the objection of the defendant, tending to prove several items of the plaintiffs' account. The defendant remonstrated against the acceptance of the report on that ground. But the remonstrance fails to allege that any one of the objectionable items, or any part of them, was allowed by the auditors. Hence it does not appear that the defendant suffered injury from the testimony, and the Superior Court did right in refusing to set aside the report on that ground.

We do not advise a new trial.

In this opinion the other judges concurred; except Foster, J., who having tried the case in the court below did not sit.