STEPHEN MORTON and wife and others *v.* WM. LEA, Adm' &c.

In an action for an account and settlement, where the defendant relies upon the plea of a former account and settlement, the answer must allege and set forth an account stated between the parties, and that the account, as settled, is just and true.

(*Harrison* v. *Bradley*, 5 Ired. Eq. 136, cited and approved.)

CIVIL ACTION, for an account, originally begun in the Probate Court, from which it was transferred and tried before *McKay, J.*, at Spring Term, 1875, PERSON Superior Court.

MORTON and wife *et al. v.* LEA, Adm'r.

All the facts necessary to an understanding of the case as decided in this Court, are stated in the opinion of Justice BYNUM.

*J. W. Graham,* for appellant.
No counsel *contra* in this Court.

BYNUM, J.   The plaintiffs, who are the next of kin, and distributees of the estate of James Covington, sue the defendant as administrator, for an account of the estate in his hands and their part of it.   The defendant, among other defences, pleads in bar of the account demanded, that he had fully accounted with the plaintiff, and he sets forth a copy of what he claimed to be a settlement with them, which is in the following words :

" This day, Wm. Lea and us the undersigned had a settlement of the estate of James Covington, deceased.
Due Bell Covington, $675.25.
Due Susannah Covington, $675.25.

The above amount due us, said Lea pays interest on this debt from date."

BELL V. COVINGTON.
SUE A. COVINGTON.

Upon the complaint, answer and exhibit, the defendant moved the Court of Probate to dismiss the action.   The Court refused the motion and adjudged *quod computet,* and proceeded to take and state an account of the estate.

Upon the coming in, of the report the defendant filed many exception thereto, and among them, that the aforesaid plea raised an issue of fact, to be tried by a jury.   Before the exceptions were passed upon, the Clerk went out of office and another was inducted into office, who held that the said plea did raise an issue of fact, whereupon he transferred the case to

the Superior Court in Term. In that Court the presiding Judge affirmed the judgment of the Clerk, and adjudged that the defendant had a right to a jury trial upon the issue raised by his plea of "settlement." From this judgment the plaintiffs appealed.

There is error. The plea offered by the defendant as a bar to any further account is wholly defective in this, that it does not allege and set forth any account stated between the parties, and that the account as settled is just and true.

In the old action of account, to which this is analogous, the first judgment is *quod computet*—that the defendant do account. If in order to defeat this preliminary judgment, the defendant pleads *quod plene computant, &c.*—that he has fully accounted, &c.—he must allege and show the manner of it, as for instance, that the account was stated in writing and settled and signed by the parties, in which case it would be a bar to a bill for another account. *Harrison* v. *Bradly*, 5 Ired. Eq., 136. In our case it is expressly averred by the plaintiffs and not denied by the defendant, that no account was stated in writing or otherwise and exhibited to them. As a plea in bar of an account, this defence wholly fails. Both parties agree as to the nature of this alleged settlement and the circumstances under which it was made; its legal effect as a bar to the account demanded is a question for the Court only. What effect it is to have with the creditor in stating the account it may not be necessary now to decide. It seems to be entitled to no consideration any where, except as an attempt to overreach two unprotected orphans, to whom the defendant stood in a near fiduciary relation. For it appears from the account stated that much more is due them than the sum stated in the alleged settlement, and that the other distributees of the estate had received from the defendant over twice that amount in the payment of their shares. As an agreement to take a less sum than the debt, it was void for the want of a proper consideration, and at most it can have the effect of a memorandum of a settlement begun only but not completed.

The ruling of Tuck, the first Judge of Probate, was not erroneous, and the case properly stands upon the exceptions of the defendant, filed to the account, as stated by him.

The Superior Court will remand the case to be proceeded with in accordance with this opinion.

PER CURIAM.                              Judgment reversed.