Bryan vs. Morgan.

3. NEW TRIAL: Verdict not impeachable by affidavit of juror.

4. JUROR: Objection to, too late after verdict.

| 35 | 113 |
| f 84 | 175 |
| 84 | 430 |

## BRYAN VS. MORGAN.

CHANCERY PRACTICE: *Taking account should be by Master,*
It is not error, but bad practice, for a Chancellor to take an account himself, except in simple and obvious cases, in order to save expense to litigants. In complicated transactions a reference should be made. There may be a reference in the supreme court, but the Master cannot go outside the evidence on the record to clear up obscurities.

APPEAL from *Sebastian* Circuit Court.
Hon. JAMES BRIZZCLARI, Special Judge.
*DuVal & Cravens* for appellant.

8

EAKIN, J.   This bill was filed by Morgan, against Bryan and one Kitchens, in the circuit court of the Greenwood district of Sebastian county, on the fifteenth of November, 1875.   The parties had been all equal partners in building and running a cotton gin during the fall and winter of 1869–70.

The object of the bill was first to have a dissolution of partnership declared, and an adjustment of the interests of the partners between themselves; and second, to declare Bryan a trustee of the partnership with regard to certain lands alleged to have been bought with partnership funds; or, at least, to affix a lien upon them to the extent necessary for the adjustment.   The answer admitted the partnership, as alleged, but denied all the material statements of the bill going to show the defendant's liability to account any further, or that anything remained due from him to complainant.

The controversy with regard to the land seems to have been abandoned; and by consent of parties the cause was transferred, as if by change of venue, to the Fort Smith district, where the suit progressed.

A voluminous mass of testimony was taken with regard to partnership transactions and accounts.   The court refused the motion of defendant, Bryan, for a reference to a Master to state and report the account, but heard the cause upon the pleadings and evidence.   The Chancellor found, as cited in the decree, that the partnership business closed in the month of November, 1870, when all the partnership effects were sold for $750, and he proceeds equally divided; that there were no outstanding debts due to, or from, the concern, and that there had been no settlement of the partnership matters, nor account stated between the partners.

Bryan vs. Morgan.

In taking account, the Chancellor found that complainant advanced and expended for the concern, the sum of $541.87, and drew out $18; that defendant, Bryan, advanced and expended $252.36 and drew out the same amount, and over; that Kitchens advanced and expended $100, and drew out $18, and that therefore the concern was indebted to the complainant $523.37, and to Kitchens $82.

Wherefore, it was decreed that complainant should recover from Bryan and Kitchens the sum of $523.37, and that Kitchens should recover from complainant and Bryan —— dollars, which blank was intended doubtless to be filled with $82; that the partnership be dissolved and that each party pay one-third of the costs.

From this decree Bryan appealed.

It was not erroneous in the Chancellor to refuse a reference to the Master to take and state the account, but it was not good practice. The Chancellor may, himself, take an account, announce the result, and decree accordingly. But this practice should be confined to simple and obvious cases, in order to save expense to litigants. In complicated transactions, justice can not be well done without a reference.

The exceptions to the report may then eliminate from the confused mass of testimony the particular issues, or points of difference, disentangled from all other matters which may be conceded to be correct. These points, in case of appeal, may be clearly presented here, and save the judges of this court the loss of valuable time in going through minute details of business to test the accuracy of the Chancellor's findings. There may be a reference ordered here, but the Master can not go outside of the record. He can not call in witnesses to clear up the obscurities. The busi-

*CHANCERY PRACTICE: Taking account should be by Master.*

ness more properly belongs to the original than the appellate tribunal. The former can confer upon the Master all necessary power for obtaining the necessary information, by authorizing the examination of such witnesses as the parties may produce. The powers of the chancery courts are, for this purpose, larger and more flexible than those of a court having appellate and supervisory powers only. Besides, this court, in justice to other causes, can not take the requisite time to make references, receive reports, and settle exceptions, even within the record. It may, and has done so in important cases, but it should not be allowed to grow into a habit.

The decree, upon its face, and upon the findings of the Chancellor, is grossly erroneous. What complainant and Kitchens failed to draw back was lost by the concern, of which they were members. They were responsible as partners, each to themselves as individuals, for a third of their respective losses in the concern. The whole losses should have been estimated, and adjusted among them. This *upon the findings* would have been easily done by a decree, in favor of complainant, against Bryan, for $201.79, and against Kitchens for $119.79. The decree must, in any case, be reversed.

We have carefully examined the pleadings and evidence to satisfy our minds as to the propriety of remanding the cause. The evidence is very confused and unsatisfactory, and we do not see how any clear statement of the partnership transactions can be made from it. It appears that the business of the partnership ceased in March, 1870; that the effects were sold in November of that year, and were equally divided. There were outstanding debts which pressed; and the only difference among the members was as to who should pay them. After sundry ineffectual ef-

Bryan vs. Morgan.

forts to adjust this matter, it was, finally, agreed to refer them to a friend, who took the gin-book and the accounts of the house with which the concern had dealings, and made a statement, designating the several debts which each partner should pay. This was in 1872. The weight of the evidence is strongly preponderating to show that this statement was accepted by the parties as a settlement so far as it went, and that it was acted upon. The debts were all settled, which were thus distributed, and nothing more was said about it for three or four years. Meanwhile the gin-book remained in the hands of complainant, and became, by accident or carelessness, so much mutilated by torn leaves, and altered by other entries, that its original condition can not be ascertained, and it has lost its character as evidence. No settlement. can be made from it now, and the memory of witnesses as to facts has become more or less obscure.

Besides, it is pretty clear that the settlement made in 1872, by the referee, was understood and accepted by the parties, as doing substantial justice. It was not complete, and did not embrace every outstanding debt. But those omitted were evidently of very trifling amount. There is no separate account sought of these, nor any proof of what they were. Probably they did not, in. the whole, reach twenty-five dollars. A matter of so little significance may be considered stale after the lapse of over five years from the time the business ceased, and three years after the last mention of it in the way of claim. Complainant had the book and has, by delay and carelessness, lost the means of making a certain and definite adjustment. The defendant, Bryan, may not be wholly free of laches, and costs may be divided, as was done by the court below, but there are not sufficient equities to sustain the complaint.

Reverse the decree save as to costs below, and let the appellee pay costs of appeal. As to all other matters let the complaint be dismissed.