## SUPREME COURT.

DARIUS MILLER *et al.*, appellants, agt. ELMORE A. KENT, impleaded, &c., respondents.

*Bill of particulars — when should be ordered.*

A broker who is the agent of his client is, and ought to be, required to show fully and specifically each item of the account which he charges against his client.

Each of the parties to such an account is entitled to know and to have presented to him, when a demand is made for a loss supposed or real, the items which make up such loss, and to be given an opportunity not only to inspect and ascertain the correctness of the same, but to controvert such items whenever it becomes necessary.

*First Department, General Term, October,* 1880.

Before DAVIS, P. J., BRADY and BARRETT, JJ.

THIS is an appeal from an order at special term denying plaintiffs' motion for a further bill of particulars. The learned justice admitted plaintiffs' right to a bill of particu-

lars of defendant's counter-claim in the opinion, but denied the right in the order, as he subsequently settled it. This reconsideration and change of his decision was because defendant's counsel cited *Hoff* agt. *Pentz* (1 *Abb. N. C.*, 288). Plaintiff's appeal is from " each and every part of said order." The following clause in said order, to wit, " and it appearing, and not being controverted, that the bill of particulars already served contains all the items of the account stated alleged as a counter-claim," is a recital which the papers in the case clearly controvert. The action is brought to compel the defendants to account to plaintiffs for the profits on certain extensive purchases and sales of lard which defendants, as commission brokers, made for plaintiffs and others, from August 1, 1879, to January 16, 1880, under an agreement signed by all the defendants, who were to share the profits and losses according to prescribed rules of division. The defendants Kent and Poole were originally parties to that agreement, but subsequently withdrew therefrom and acted solely in the relation of brokers to the plaintiffs and the other defendants. Defendants have refused to furnish any accounts to plaintiffs whatever, and judgment is asked for an accounting. Defendants Kent and Poole, in their answer, admit the agreement, but deny every other allegation in the complaint, " except that large quantities of lard were bought and sold under said agreement." They also claim that plaintiffs were not entitled to an accounting when the action was begun. They further allege that " after the beginning of this action " defendants rendered to plaintiffs an account in which plaintiffs' firm was found justly indebted to the said firm of E. A. Kent & Company in a large sum, to wit, $11,586.29, which sum said plaintiffs then and there promised and agreed to pay said E. A. Kent & Company." Plaintiffs' reply denies any accounting whatever. The affidavit of plaintiffs show that they had been trying, since October first, to get some information of these purchases and sales, but they could obtain nothing more definite than " Ex. B." The affidavit

further states the series of motions, discontinuances, frivolous demurrers and other tactics whereby defendants have postponed giving plaintiffs this information. The affidavit further shows that this information was sought by examining defendant before trial. That after defendant had secured a further delay by appeal, he, by his evasive answers, still conceals this information from the plaintiffs. By the defendants' examination, it appears that they profess to be unable to give this information without their books; that they refused to look at their books to get the information; they refused to bring them into court under subpœna; that some of their books were in Chicago; that even if they did look at the books, their knowledge of practical book-keeping was so limited that they couldn't give the information. Defendant in an affidavit read in opposition to plaintiff's demand for particulars says: "That plaintiff's proportionate share is correctly set forth in the 'bill of particulars as served.'" "Exhibit B." But this bill of particulars which he calls an account stated, was rendered after the commencement of this action, and contains no items or particulars whatsoever. His counsel evidently served it in the form of an account stated, so as to invoke the authority of *Hoff* agt. *Pentz*, to defeat plaintiffs in obtaining a bill of particulars. The allegation by defendant in his answer of an account stated and settled, and that plaintiff promised to pay the balance, was reckless and unscrupulous in the extreme. For he admits that he did not serve it till after the action was begun, in which he was charged with gross fraud. His attorney's object in securing such an answer from defendant appears by the following clause in his affidavit: "I believe the bill of particulars of defendant's counter-claim is good and sufficient in law, being a copy of an account stated, which he pleads," and he quotes *Hoff* agt. *Pentz* in support of his position. These affidavits are substantially the same as were before this Court on defendant's appeal from the order requiring him to be examined before trial. In the opinion of Ch. J. DAVIS, in affirming that order, he used the following

Miller *et al.* agt. Kent.

language (59 *How. Pr.*, 325): " The plaintiffs show to our satisfaction that they could not get such an account of the transactions of the defendants, alleged to have been made on their behalf, as they were clearly entitled to. A commission merchant or broker has no right to conceal from his customer any portion of his business and dealings in relation to the property alleged to have been bought and sold; and where he withholds the fullest information on that subject, the right to examination before trial in an action brought to recover alleged profits, or to adjust the unsettled accounts, should be fully accorded. We are not at all satisfied with the good faith of the alleged proffers of the examination of the defendant's books, &c. The disingenuousness of the attempt thus to defeat the examination of defendant as a witness must have struck the court below as it does this court." The perusal of defendant's testimony taken under that order will, we think, strengthen and confirm the suspicions of this court as to the disingenuousness of defendants.

*Adolphus D. Pape*, for appellants.

I. Plaintiff is entitled to this information as a matter of right (*Miller* agt. *Kent*, 59 *How. Pr.*, 325).

II. The only provision under which this right can be enforced is section 531 of Code. The examination of defendant proves that this right cannot be enforced against a disingenuous and unscrupulous party under section 870. The last clause of section 531 is very broad: " The court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party."

III. The office of a bill of particulars is to apprise a party of the specific claims of his adversary, so as to further justice and to prevent surprise at the trial. Chief justice SHAW, in a leading case, said that wherever justice could not be done on the trial without the information to be obtained by a bill of particulars, the court could direct such information to be

reasonably furnished (*Commonwealth* agt. *Snelling*, 15 *Pick.*, 321). The cases of *Johnson* agt. *Mallory* (2 *Rob.*, 684) and *Vischer* agt. *Conant* (4 *Cow.*, 396) support the right to a bill of particulars, with dates and specifications so "as to enable defendant to meet the charges."

IV. This is pre-eminently a case in which the plaintiffs are entitled to particulars.

V. The fact that the applicant for the bill of particulars is the plaintiff cannot defeat this right. The provision is broad enough to cover this. It says "a bill of particulars for the claim of either party may be ordered delivered to the adverse party." A "claim" as here used is not necessarily a demand for affirmative relief. It means "all causes of action and all grounds of defense, the pleaded stories of both parties, pleas of confession and avoidance, no less than complaints and counter-claims." The above is the language of the general term, common pleas, in case of *Orvis* agt. *Jennings* (6 *Daly*, 447).

VI. The order should be reversed, and defendants, Kent & Co., required to furnish a full bill of particulars, as required in order to show cause.

*L. A. Gould*, for respondents.

I. The fourth paragraph of the complaint, among other things, avers that the firm of Kent & Co., "did buy and sell under said agreement large amounts of lard;" defendant Kent in the second paragraph of his answer "denies the averments contained in the fourth (and other) paragraphs of the complaint," except this one of the purchase and sale of large quantities of lard. Appellant seeks to compel defendant Kent to furnish a verified bill of particulars of the large quantities of lard which Kent does not deny were bought and sold as plaintiff alleges in his complaint. Section 531 of the Code provides: "The court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party." These "large quantities of lard bought and

sold " form no part of defendant's claim ; this statement is set forth as part of plaintiffs' cause of action. The defendant Kent simply singles out and excepts this averment from his denial of the other statements of the complaint. ·" The use of a bill of particulars is to apprise a party of the specific demands of his adversary " (*People* agt. *Monroe Com. Pleas*, 4 *Wend.*, 200 ; *Matthews* agt. *Hubbard*, 47 *N. Y.*, 425). " It is regarded as an amplification of the pleading to which it relates " (*Melvain* agt. *Wood*, 3 *Keys*, 533–536). Now, this is no part of the claim of Kent & Co., but it is a part of plaintiff's demand, and the court has no power to compel Kent & Co. to furnish the plaintiffs a bill of particulars of plaintiffs' claim. Plaintiffs ask an accounting. Should an accounting be decreed them, according to the uniform practice, defendant's firm will be required to produce and verify a full account of these transactions ; plaintiffs will have ample opportunity to surcharge or falsify the same, and the account will be finally settled by decree.

II. The remaining branch of the motion is for a bill of particulars which " shall contain a particular account of the matters and transactions referred to in the fourth section of said answer, upon which he claims that the sum of $11,586.29 is due from plaintiffs to said firm." But this counter-claim pleaded is upon an account stated. At special term in this department Mr. justice LAWRENCE held that " the court cannot require a further or more particular account after service of an account stated alleged in the pleading. An account stated cannot be altered." In *Goings* agt. *Patten* (1 *Daly*, 168), the court very properly held that the defendant might join in his pleading an account stated * * * and a claim upon an open account in case the proof of stating and settling the account should fail ; but if he declines to furnish the items of the open account, if demanded, he must be presumed to elect to rely upon his plea of an account stated alone. Here, respondent relies upon the account stated solely ; he pleads nothing else, and desires to offer no other proof at the trial to

sustain his counter-claim ; appellant, therefore, cannot be surprised ; he knows every item of respondent's claim.  If defendant fails to prove the stating and settling of the account he would wholly fail upon this issue ; if he does prove it he will succeed irrespective of original items.

PER CURIAM. — We see no good reason why the bill of particulars should not have been ordered.  A broker, who is the agent of his client, is and ought to be required to show fully and specifically each item of the account which he charges against his client.  In this case nothing is furnished but a gross sum amounting to $7,724.19, with which the plaintiff is charged as his share of the losses upon the purchases and sales of lard, on a joint account between the plaintiffs and others, under a contract described in the affidavit.  Each of the parties to such an account is entitled to know and to have presented to him, when a demand is made for a loss supposed or real, the items which make up such loss, and to be given an opportunity not only to inspect and ascertain the correctness of the same, but to controvert such items whenever it becomes necessary.

The order appealed from should be reversed, and an order entered requiring the service of a bill of particulars.