HENRY M. CLARKE v. STEPHEN D. PIERCE AND JOEL LINSLEY.

*Accounting—Proceeds of joint business.*

A bill for an accounting will lie wherever there are fiduciary relations between the parties under which the duty to keep and render accounts exists; and one who files such a bill for an accounting for his share of the proceeds of a business carried on upon joint account, is not confined to his remedy at law, whether a partner or not.

Appeal from Saginaw. (Gage, J.)  Oct. 26.—Dec. 20.

BILL for accounting. Defendants appeal. Affirmed.

*Wheeler & McKnight* for complainant. It is a case for an accounting in chancery if the parties entered into a joint undertaking and each party was to be paid by or out of a share of the profits of the business: *Butterfield v. Beardsley* 28 Mich. 412; *Whipple v. Parker* 29 Mich. 381; *Richardson v. Welch* 47 Mich. 309; *Cochrane v. Adams* 50 Mich. 16; *Buel v. Selz* 5 Ill. App. 116; *Thornton v. Thornton* 31 Grat. 212; *Garner v. Reis* 25 Minn. 475: *Channon v. Stewart* 103 Ill. 541.

*Camp & Brooks* for defendants. Division of profits does not of itself establish a co-partnership: *Lewis v. Greider* 51 N. Y. 236; *Beecher v. Bush* 45 Mich. 188; *Wilcox v. Matthews* 44 Mich. 192; *Richardson v. Hughitt* 76 N. Y. 57; and where there is no co-partnership a person to whom money may be due from those who are conducting the business, has no lien upon its assets and they cannot be enjoined from closing up the business, nor can a receiver

be appointed: *McKenzie v. Cowing* 4 Cr. C. C. 479: *McCombs v. Merryhew* 40 Mich. 725; *Barry v. Briggs* 22 Mich. 201; *Simon v. Schloss* 48 Mich. 233.

CAMPBELL, J.   Clarke filed a bill to obtain an accounting from Pierce and Linsley for his share of the proceeds of certain lumber business carried on upon joint account.   Defendants were a Vermont firm, doing business in Burlington, and Clarke came to Saginaw under an arrangement with them to handle and ship lumber on their account, to be chiefly disposed of by them.   There is some conflict about the extent and precise character of the business done. The chief contest was concerning Clarke's right to have defendants account for the proceeds of the business, and concerning his share in the results.

As the case chiefly involves facts, and as we concur in the conclusions of the court below, we need not discuss the testimony.   We have no doubt that Clarke was to have one-half of the profits, and that he was entitled to compel defendants to an accounting.   He is not confined to his remedy at law, whether they were partners or not.   The jurisdiction for accounting covers all fiduciary relations where the duty of keeping and rendering accounts exists, and while there are cases in which the common-law remedy may be adequate, we do not think the present case is such that he ought to be turned out of a court of equity to seek an action at law.   There is certainly strong reason for holding that a partnership existed, although in a somewhat limited way.   But we deem this of no moment, as he has set out his claim fairly, and has established it in substance. The consideration of the items of charges and credits is not now proper, because it belongs more strictly to the accounting.

The decree must be affirmed with costs and the cause remanded for further proceedings.

The other Justices concurred.