NASHUA & L. R. CORP. and others *v.* BOSTON & L. R. CORP. and others.

*(Circuit Court, D. Massachusetts. March 25, 1884.)*

1. CONSOLIDATED RAILROADS—STATUS IN DIFFERENT STATES.
    Two corporations, charted under the laws of different states and afterwards consolidated under the laws of both, are separate in so far that each state is left the control over the charter it grants, and identical in so far that the corporations may represent each other in suits by or against either of them.

2. SAME—EQUITY—POOLING AGENT.
    The pooling agent, under a contract between railroad companies, is a trustee, and as such is accountable in a court of equity for his acts.

3. SAME—PARTIES TO SUITS.
    The plaintiff is entitled to join as defendants with the corporation all persons into whose hands they can trace the funds of the joint management.

5. SAME—CONTRACT—ESTOPPEL.
    A pooling contract being once executed, one corporation is estopped from denying the validity of its own act in making it, in defense of an action for its infraction brought by the other. Still less can the agents of the parties set up such a defense.

In Equity.

*F. A. Brooks*, for plaintiffs.

*S. A. B. Abbott*, for defendants.

NELSON, J. The bill sets forth, in substance, that for the term of 20 years from and after October 1, 1858, the Nashua & Lowell Railroad and the Boston & Lowell Railroad were operated jointly under a pooling contract, by the terms of which both roads were to be placed under the control and management of a joint agent to be appointed by the directors of the two corporations, and the joint earnings and expenses were to be shared in the proportion of 31 per cent. of the whole to the plaintiff and 69 per cent. to the defendant corporation, the division to be made on the first days of April and October in each year; that the defendant Hosford was appointed and acted as the joint agent under the contract from April, 1875, until the expiration of the contract; that the defendant Bartlett, who was also the treasurer of the defendant corporation, was appointed and acted as cashier of the joint funds; that Hosford, while agent, had, in violation of the contract and without authority, paid over to the defendant corporation from the joint earnings large sums of money, amounting, as alleged, to $208,086, being 31 per cent. of the interest, reckoned at 7 per cent. a year, from 1872 to 1878, on the entire outlay of the defendant corporation in the erection of new passenger stations in Boston and Winchester, in building the Mystic River Railroad, and in purchasing certain shares of the Salem & Lowell and Lowell & Lawrence Railroads, (after deducting dividends on the shares,) the whole of which expenditure was, by the terms of the contract, to be borne solely by the defendant corporation; that Bartlett, at the termination of the contract in 1878, had in his possession as cashier the sum of $60,000 of the joint funds, 31 per cent. of which belonged under the contract to the plaintiff; and that, acting under the direction of the defendant corporation, he had refused to pay the plaintiff its share thereof, but had either retained such share in his own hands, or had paid it over to the defendant corporation. The prayer of the bill was for an account.

The Boston & Lowell Railroad Corporation and Bartlett have demurred to the bill, assigning various grounds of demurrer.

By the familiar rules governing courts of equity the plaintiff is clearly entitled to equitable relief upon the case stated in the bill. The joint earnings of the roads constituted a trust fund in the hands of the joint agent, to be held by him as a trustee for the benefit of the

two corporations, and to be applied by him in the manner specified in the contract. A failure on his part to perform this duty rendered him liable to account to the party aggrieved. If, through the mistaken or wrongful act of the agent, the Boston & Lowell road has received a larger share of the net earnings than belonged to it under the contract, the plaintiff is at liberty to follow the fund into the hands of the defendant corporation and compel its restitution. If, as the defendants argue, the pooling contract was not within the corporate powers of the parties to it, that can afford no defense to the Boston & Lowell road, when called upon to restore to the plaintiff the sums received in excess of its due share. As the contract has been fully executed, and the defendant road has availed itself of all the benefits to be derived from it, that corporation is now estopped to deny its validity. Still less can the agents of the parties set up a defense of this character which is not open to their principals.

Bartlett is properly joined as a defendant. The plaintiff is entitled to join as defendants with the defendant corporation all persons into whose hands it can trace any part of the funds of the joint management.

It has already been decided in this case that the plaintiff, as a corporation chartered by the laws of New Hampshire, can maintain this suit in this court against the defendants, who are citizens of Massachusetts, although the plaintiff is a part of a joint or consolidated corporation under the laws of New Hampshire and Massachusetts. 8 FED. REP. 458. Corporations thus created are separate for the purposes of jurisdiction, and to enable each state to exercise control over the charters which it grants and over the acts of the corporation within its own limits. But the corporations are so far identical that they represent each other in suits by or against either of them, and the judgments or decrees will bind the whole corporation. *Horne* v. *Boston & M. R. R.* 18 FED. REP. 50. The Massachusetts corporation is therefore not a necessary party to this bill.

The bill waives an answer under oath. By waiving the oath no discovery is sought, and it is not necessary to interrogate the defendants specially and particularly upon the statements of the bill. Equity rules 40, 41.

The bill prays that the defendant corporation may answer by its president, J. G. Abbott. This must be regarded as mere surplusage, and not as ground of demurrer. The plaintiff is entitled to the answer of the corporation, but has no right to require that it shall answer by its president.

Demurrers overruled.