HENRY M. CLARKE v. STEPHEN D. PIERCE AND JOEL LINSLEY.

[See 52 Mich. 157.]

*Accounting.*

This case involves questions of fact purely, growing out of an accounting between the parties.

Appeal from Saginaw.    (Gage, J.)    Argued February 14, 1889.    Decided April 24, 1889.

Bill for accounting.    Defendants appeal.    Affirmed. The facts are stated in the opinion.

*Wheeler & McKnight,* for complainant.
*Camp & Brooks,* for defendants

LONG, J.    Complainant. filed his bill in this cause for an accounting for his share of the proceeds of a lumber business carried on upon joint account.

Defendants were a Vermont firm, doing business in Burlington, and Clarke came to Saginaw under an arrangement with them to handle and ship lumber on their account, to be chiefly disposed of by them.

The bill alleges substantially that in the month of May, 1881, complainant entered into a business arrangement with defendants under which he was to come to Saginaw, buy lumber, assort and sell it, keep the books, and have entire charge of the business. Pierce and Linsley were to furnish the capital, and the profits were to be equally divided. No time was fixed for the termination of the business. By the bill it is claimed that this arrangement created a copartnership between himself and the defendants.

It is further alleged that under this arrangement complainant came to Saginaw, purchased lumber, and commenced sorting, selling, and shipping the same; that some delay was had from defendants' failure to furnish funds, and that complainant was obliged to and did advance for the business $2,284, and a note of $650; that in the fall of 1881 he went to Burlington, and looked over the business with defendants, and all parties came to the conclusion that, upon a fair valuation of the lumber then on hand, there was a net profit of about $3,000; that he was then notified by defendants that they were unwilling to continue the business longer, and they instructed him to make no further purchases, and on January 1 he took an inventory of the stock at the request of defendants. The bill further charges that the defendants were disposing of the property, and not paying him his share of the profits; and that they did not intend to pay him his moneys, profits, or said note, but intended to defraud him of the same. The bill prays for an injunction and an accounting.

Defendants, by their answer, deny that there was any such relation between the parties as entitled the complainant to an accounting, and say that the arrangement entered into gave the complainant, as a compensation for his services, a share of the profits; that in determining

such profits the defendants were to receive interest at the rate of 7 per cent. for their advances, and a commission of 5 per cent. on sales. They deny that the complainant was to keep the books, and claim that they were to be kept by them in Burlington. They deny that the complainant furnished any money whatever for the business, and allege that they have put into the business upwards of $36,000, and have received back only a part thereof; that the business is still indebted to them for the money advanced for the purchase of the lumber; and that they are now disposing of the lumber, and are endeavoring to do so for the best advantage of the complainant and themselves.

Upon the filing of replication testimony was taken bearing upon the right of complainant to an accounting. Upon this question the circuit court, in chancery, of Saginaw county, decided that the complainant was entitled to an accounting, and referred the matter to Circuit Court Commissioner Pistorius for such accounting. Defendants appealed from this decree to this Court, where the decree of the court below was affirmed. The case is reported in 52 Mich. 157 (17 N. W. Rep. 780). The cause was remanded by this Court for further proceedings. Proceedings were thereupon had before Circuit Court Commissioner Pistorius. The parties filed statements of account with the commissioner, proofs were taken by the parties, and upon such proofs the commissioner made and filed his report, showing:

| | |
|---|---|
| Total charges against defendants | $42,426 33 |
| Total credits to defendants | 32,584 57 |
| Leaving in hands of defendants | 9,841 76 |

One-half of which belonged to the complainant. Defendants filed objections to this report, which were overruled by the commissioner. Defendants then filed exceptions to this report, and the court, upon the hearing of the case,

referred the whole matter, including the testimony taken before Commissioner Pistorius, the statements of account, books, papers, etc., filed with him, to a special commissioner, Thomas M. James, to take the testimony and make and state the account, and report the same to the court. Under this order the parties each presented their case to the special commissioner, who afterwards made and filed his report with the court, which showed: Total debits, $38,712.42; total credits, $37,158.01; leaving the sum of $1,554.41 deficiency and loss in business prior to February 25, 1882, that being the date on which the defendants took charge of the lumber and business.

Both parties filed objections and exceptions to this report. Upon the hearing the court disallowed all the exceptions to the report made by the defendants, and disallowed all the complainant's exceptions except three; and, except as changed by allowance of complainant's exceptions, the court confirmed the report of the special commissioner. The allowance of these exceptions of complainant affect three items in the account. It disallows the 5 per cent. commissions on $28,938.61 of sales, making $1,446.93,—allowed by commissioner at $1,235.42. It disallows interest on the capital invested in business. It also changes the value of the lumber on hand on February 25, 1882, from $4,329.13, as found by the special commissioner, to $6,000, and resulted in a reduction of the amount charged to the lumber of $1,525.65, and a consequent additional charge of that amount to the defendants, and an increased charge against them in the increase of the value of the lumber on hand found by the court of $1,670.87; making a total increase of charge against the defendants of $3,196.52, instead of the business owing defendants $1,554.41, as found by the special commissioner. The court found that the defendants owed the business

74 MICH.—41.

$1,642.11, and made decree in favor of complainant on that basis. From this decree defendants appeal to this Court.

The whole controversy here is that the court below was in error in allowing the exceptions of the complainant to these three items; disallowing the interest charged on the capital invested by defendants; the disallowance of the 5 per cent. commissions on sales; and finding the value of the lumber on hand on February 25, 1882, to be $1,670.87 more than the value found by the special commissioner. The interest charge and commissions claimed by defendants must depend upon the agreement and understanding of the parties at the time the business was commenced, or during its continuance; and the burden of showing such an agreement or understanding is upon the defendants. There is great conflict of evidence between the parties as to what the arrangement was relative to these items. From a careful reading of the testimony we are not prepared to say that these claims have been proved by the defendants. Upon the defendants' own theory of the case as to how the complainant was to be paid for his services, it is somewhat remarkable that the defendants were to have interest on capital invested and commissions on sales. We think the court below very properly, under the testimony, disallowed these two items.

The item of the value of the lumber on hand at the time the defendants took possession on February 25, 1882, is one more difficult to solve. A large amount of testimony has been taken, showing the quantity, quality, and value of this lumber at that time. I have carefully examined the accounts of the parties on either side, the schedules made showing balances, and have carefully read the testimony contained in the record, and from such examination am satisfied that the estimate made by

the court below of the value of this lumber does no injustice to the defendants. It would profit no one to set out the testimony, or any portion of it, bearing upon the question; it is sufficient to say that we think the court below was correct in its findings and decree.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.