Argued 26 Nov.; decided 17 Dec., 1900; rehearing denied 8 July, 1901.

**DAVIS *v.* HOFER.**

[63 Pac. 56.]

Accounting by Directors — Jurisdiction of Equity.

1. Equity has jurisdiction of a suit by stockholders against directors of a corporation for an accounting, there being a fiduciary relation between the parties requiring the defendants to keep and render correct accounts.

Power of Equity to Order an Accounting.

2. Conditions giving the court equitable jurisdiction of a suit by stockholders against directors for an account is established where defendants by their answer, admit that they secured all moneys collected on account of the corporation, and do not deny that they received the amount alleged in the complaint, and do not plead a stated account in bar, nor tender the issues of nothing in arrear.

Accounting — Reference.

3. Under the general equity practice, a court having jurisdiction to order an accounting may either refer the matter or take the testimony and state the account itself.

Demanding Bill of Particulars.

4. Where defendants in a suit by stockholders against directors for an accounting do not allege an accounting with the corporation, and no demand is made on them for a copy of their account, plaintiffs cannot insist, as a matter of right, on the filing of a bill of particulars.

From Marion: Reuben P. Boise, Judge.

Suit by George W. Davis and others against Ernst Hofer and others to have a judgment and a sale thereunder set aside, and to require the defendants to account for money received in conducting the business of a corporation in which the parties to such suit are stockholders. It appears that the Capital Journal Publishing Company, a corporation organized for the purpose of publishing a newspaper at Salem, entered into a contract with the defendants Ernst Hofer, A. F. Hofer, Jr., and F. X. Hofer, partners as Hofer Brothers, whereby supplemental articles of incorporation were filed in-

creasing the capital stock to the sum of $10,000, divided into 100 shares of $100 each, and one-half thereof was transferred to the defendants in consideration of their agreement to publish said newspaper at a reasonable compensation for their service for the term of two years from December 4, 1889. The by-laws of the corporation provide for the election of a president, a secretary, and three directors, who together constitute the board of directors. At a called meeting of the board held July 2, 1898, whereat were present M. L. Chamberlin, president, A. F. Hofer, Jr., secretary, and Ernst Hofer, a director, the secretary, A. F. Hofer, Jr., made a report, showing that the only indebtedness of the corporation was on account of salaries due E. Hofer as editor and himself as business manager of said newspaper in the sums of $649.64 and $1,295.75, respectively, which report was, upon motion, duly approved. A. F. Hofer, Jr., having thereafter secured an assignment of Ernst Hofer's claim, commenced an action in the circuit court for Marion County against the corporation, and recovered a judgment for the sum of $1,945.39, and, an execution having been issued thereon, all the property of the said corporation was sold to him in payment thereof. It is substantially alleged in the complaint that the defendants, who constitute a majority of the board of directors, fraudulently conspired to wreck the corporation, and to acquire its property, to the injury of the plaintiffs, who own 33 shares of the capital stock; and that said corporation was not indebted to said defendants as claimed, or at all, nor was any accounting ever had by them with it; that they collected from various sources moneys belonging to the corporation exceeding the sum of $30,000, which they have fraudulently appropriated to their own use, and refuse to account therefor. The answer admits that since the defendants assumed control of said newspaper they have collected all moneys paid to the corporation, but deny that the sum so received is not known to the plaintiffs,

or that the latter believe it exceeds $30,000; and for a sep-
arate defense alleges that, after taking charge of the busi-
ness, an agreement was entered into with the corporation
whereby it was stipulated that Ernst Hofer should receive
as editor, and A. F. Hofer, Jr., as the business manager, of
said newspaper, the sum of $25 per week each, and that, a
judgment having been rendered for the salaries due them,
the property of the corporation had been sold on an execu-
tion issued thereon. The material allegations of the answer
having been denied in the reply, a trial was had before the
court, at which the plaintiffs introduced testimony showing
their ownership of the stock of the corporation; that they
had requested M. L. Chamberlin, president, and C. March,
a director, to defend said action, or permit them to do so, on
behalf of the corporation, and the refusal of the latter to
comply therewith; the value of the property so sold on ex-
ecution; and that from $15 to $20 per week was a reasonable
compensation for the service of an editor, and a like compen-
sation for a business manager of said newspaper; and
thereupon moved the court, upon such testimony and the
pleadings, for an order directing the defendants to render an
account. The court having overruled said motion, the de-
fendants introduced testimony tending to show that the prop-
erty sold on execution brought a fair price, and that the cor-
poration agreed to pay them the salary so claimed, and, the
cause having been submitted, the court found that the alle-
gations of the complaint had not been sustained, and dis-
missed the suit, whereupon the plaintiffs appeal.

AFFIRMED.

*Messrs. Ramsey & Bingham* and *John A. Carson* for
appellant.

*Messrs. Holmes & Kellogg* and *Sherman, Condit & Park*
for respondent.

Mr. Justice Moore, after stating the facts, delivered the opinion of the court.

1. If the overruling of the motion to require the defendants to render an account be regarded as a denial of equitable jurisdiction of the subject-matter, the court necessarily erred; for, while an action of account was originally cognizable at law, it was soon ascertained that only a court of equity, by reason of its power to compel a discovery, was competent, in many cases, to afford adequate relief; and out of this discovery has been evolved the principle of concurrent jurisdiction of courts of equity in such cases: 3 Blackstone, Comm *437; 1 Story, Eq. Jur. (13 ed.), § 452. The inadequacy of a legal remedy which gives rise to equitable jurisdiction to settle an account is apparent in the following instances: (1) Where the accounts are mutual; (2) when they are all on one side, but intricate; (3) where a fiduciary relation exists between the parties, thereby imposing upon the defendant the duty to render an account: 3 Pomeroy, Eq. Jur. (2 ed), § 1421. The rule is of universal application that a court of equity has jurisdiction to settle an account wherever a fiduciary relation exists between the parties upon whom the duty of keeping accounts rests: 1 Enc. Pl. & Prac. 96; *Warren* v. *Holbrook,* 95 Mich. 185 (54 N. W. 712, 35 Am. St. Rep. 554); *Nashua & L. R. R. Corp.* v. *Boston & L. R. R. Corp.,* 19 Fed. 804; *Pacific R. R. Co.* v. *Atlantic & P. R. R. Co.,* 20 Fed. 277; *Bischoffsheim* v. *Baltzer,* 20 Fed. 890; *Thornton* v. *Thornton,* 31 Grat. 212; *Clarke* v. *Pierce,* 52 Mich. 157 (17 N. W. 780); *Marvin* v. *Brooks,* 94 N. Y. 71; *Fowle* v. *Lawrason,* 30 U. S. (5 Pet.), *495; *Halsted* v. *Rabb,* 8 Port. 63; *Vilwig* v. *Baltimore & Ohio R. R. Co.,* 79 Va. 449. To cite authorities illustrative of the principle that the directors of a corporation are the agents of and trustees for the stockholders, who have a quasi reversionary interest in the corporate property after the payment of the corporate debts,

seems unnecessary, and, the fiduciary relation existing between the parties having been clearly stated in the complaint, jurisdiction of the subject-matter attached in equity.

2. A suit in equity is maintainable only where there is not a plain, adequate, and complete remedy at law: Hill's Ann. Laws, § 380. "A plea of stated account," says Mr. Pomeroy in his work on Equitable Jurisprudence (volume 3 [2 ed.], § 1421), "obviously constitutes a bar to a suit in equity for an accounting, since in that case the remedy at law is entirely adequate." Thus in *Wann* v. *Coe,* 31 Fed. 369, which was a suit to redeem certain property that had been conveyed and transferred as security for a loan of money, and for an accounting, the defendants contended that all the matters in controversy existing between the parties had been settled by an agreement, in pursuance of which the plaintiff promised to pay them the sum of $26,500 as the amount due, and to accept a reconveyance and transfer of all property received by them, and not sold or disposed of. But it was held that, inasmuch as the account rendered by the defendants was not itemized, and many of the charges contained therein were evidently excessive, it did not constitute a plea in bar, so as to defeat the interposition of a court of equity, and thereupon decreed an accounting. So, too, in *Morton* v. *Lea,* 73 N. C. 21, it is held in a suit for an accounting that an answer alleging a former account and settlement did not constitute a plea in bar unless it alleged that an account had been stated between the parties, and, as settled, was just and true. In *Lee* v. *Abrams,* 12 Ill. 111, Mr. Justice TRUMBULL, in speaking of the distinction between a plea in bar and a denial of any indebtedness, and the evidence necessary to establish each, says: "By filing the plea of *plene computavit* before the court, the defendant would, if the issue was found in his favor, be entitled to a judgment against the plaintiff for costs, and the plaintiff would be driven to seek redress in another form of action, although

the proof should show that a large sum had been admitted to be due him upon such accounting. The difference between the proof necessary to sustain the plea of *plene computavit* on the part of the defendant and that which is requisite to sustain the issue of nothing in arrear is this: In the former case the defendant must show an actual settlement or accounting between the parties, and a balance struck, it matters not in favor of which party; while in the latter case he must show by an exhibition of the accounts that nothing is due the plaintiff." In the case at bar the defendants admit in their answer that they secured all moneys collected on account of the corporation, and do not deny that they received the sum of $30,000; but they do not plead a stated account in bar, or tender the issue of nothing in arrear; thereby conclusively establishing the existence of conditions giving the court equitable jurisdiction of the subject-matter. Under the rules of former practice it was customary in a suit for an accounting to render an interlocutory decree known as *"quod computet"* (*Morton* v. *Lea.* 73 N. C. 21; *Closson* v. *Means,* 40 Me. 337); but such decree was not necessarily a condition precedent to referring the cause to a master, auditor, or referee to take and state the account (*Spalding* v. *Day,* 37 Conn. 427). The decree in such cases, "that the defendant do account," was equivalent to an adjudication upon the pleadings that a court of equity had jurisdiction of the subject-matter (*McPherson* v. *McPherson,* 11 Iredell's Law, 391, 53 Am. Dec. 416); and the fact that defendants herein introduced testimony after the motion was overruled tends to show that the court did not hold that it was without jurisdiction.

3. The question, then, presented by this appeal, as we view it, is whether the court, after considering that it had jurisdiction, was obliged to refer the cause to a master to take and state the account, or wheher it could do so itself. In *Taylor* v. *Girard Trust Co.,* 1 App. D. C. 209, which was

a suit to foreclose a deed of trust, it was held that it was the duty of the court to ascertain the amount due, and that in discharging such duty it might call to its assistance the services of an auditor, but that this was a matter entirely within its discretion. In *Bryan* v. *Morgan,* 35 Ark. 113, which was a suit by one partner against another for an accounting, the court, upon motion therefor, refused to refer the cause to a master, and it was held that no error was thereby committed, the court saying: "The chancellor may himself take an account, announce the result, and decree accordingly." In *Hidden* v. *Jordan,* 28 Cal. 301, it is held that it is in the discretion of the court to take the account or to refer the cause to a commissioner or referee for that purpose. In *Emery* v. *Mason,* 75 Cal. 222 (16 Pac. 894), it was held that in a suit for an accounting the court may itself take or state the account, and, when it does so, a refusal to order a reference for such purpose is not erroneous. In *Montanye* v. *Hatch,* 31 Ill. 394, it is held that a court of equity has power to discharge the duties ordinarily performed by its master in stating an account between parties, and that no injustice was done in refusing to refer the matter to a master, because either party had the same rights before the court in regard to the production of books and examination upon interrogatories that he would have enjoyed before a master. In *Jewett* v. *Cunard,* 13 Fed. Cas. 594 (No. 7310), it is held that, where the court has the means to take an account satisfactorily, and is disposed to do so, the cause will not be referred to a master unless both sides desire it and acquiesce in the further delay and expense incident thereto. To the same effect, see *Wheeler* v. *Billings,* 18 C. C. A. 573 (72 Fed. 301) ; *Martin* v. *Foley,* 82 Ga. 552 (9 S. E. 532) ; *Carter* v. *Lewis,* 29 Ill. 500; *City of Belleville* v. *Citizens' Horse Ry. Co.,* 152 Ill. 171 (38 N. E. 584, 26 L. R. A. 681) ; *Shipp* v. *Jameson,* 1 Litt. Sel. Cas. 190; *Goodrich* v. *Parker,* 1 Minn. 195; *Pierce* v. *Thompson,* 6 Pick. *193; *Bailey* v. *Westcott,* 6 Phila. 525.

4. The motion to require the defendants to render an account was evidently treated by the court and parties as a request to refer the cause to a master to take and state the account, and, when this motion was overruled, the plaintiffs had every opportunity to ascertain the condition of the account before the court that they could have enjoyed before a master: *Montanye* v. *Hatch,* 34 Ill. 394. The transcript, relating to the filing of the motion, is as follows: "Mr. Carson, attorney for the plaintiffs, asked permission of the court to file a motion asking that an interlocutory decree be issued compelling the defendants to render an accounting. The Court: 'You can file a motion, and I will pass upon it.'" In pursuance of this permission the following motion (omitting the title and subscription) was filed: "Now, on this eleventh day of November, 1898, at the close of the evidence offered by plaintiffs at the trial of this cause, the plaintiffs move the court for an order or decree directing the defendants Hofer to render an account. This motion is based upon the pleadings and evidence offered by plaintiffs and received upon the trial of this suit." If this motion be regarded as an application to the court for an order requiring the defendants to prepare and file a bill of particulars containing an itemized account of moneys collected and paid out on behalf of the corporation, and it be admitted that it is within the power of the court to grant the motion, it is at most discretionary (Hill's Ann. Laws, § 521), and no error can be predicated upon a refusal to comply with the request, unless it is manifest that such discretion has been abused, which, in our judgment, is not apparent. If a party allege an account, and do not set forth in his pleading the items, nor file therewith a copy thereof, he must, within five days after a demand therefor in writing, deliver to the adverse party a copy of the account; and, if the one filed or delivered be defective, the court may order a further account, and, if the party refuse to comply therewith, he shall be pre-

cluded from giving evidence thereof: Hill's Ann. Laws. § 83. It will be remembered that the defendants do not allege an accounting with the corporation, nor does it appear that any demand was made upon them for a copy of their account; and hence plaintiffs could not insist, as a matter of right, upon the filing of a bill of particulars.

At the argument our attention was called by plaintiffs' counsel to the case of *Miller* v. *Kent,* 60 How. Pr. 388, where it was held that a broker, who is the agent of his client, ought to be required to show fully and specifically each item of the account which he charges against his client, and the defendants were thereupon ordered to serve a bill of particulars; but this was done, however, in pursuance of a statute of New York which provided that "the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party," thus making the order evidently a matter of discretion. To the same effect is *Morgan* v. *Morgan,* 48 N. J. Eq. 399 (22 Atl. 545), in which it was held that when a party claims by his bill that he has been acting as trustee or agent, and as such is entitled to an account with his *cestui que trust* or principal, it is his duty to present his account with his bill, and, if he fails to do so, it is proper for the court, when a reference to a master is asked for, after taking the testimony, to suspend the hearing, and require the plaintiff to make and present such account. The latter decision would seem to have been made under a statute like ours. In *Campbell* v. *Knowles,* 13 Phila. 163, it is held that an order for the production of books and papers will not be made unless the bill prays for a discovery of facts material to the issue. See, also, 6 Enc. Pl. & Prac. 781. In the case at bar no discovery is prayed for in the complaint, and, this being so, the plaintiffs cannot insist upon the production of a bill of particulars as a matter of strict legal right, thus exceeding the court's discretion. Besides, the defendants were evidently ready to submit their books to the inspection of the court

and parties in order that the account might be determined therefrom; for A. F. Hofer, Jr., in answer to an interrogatory propounded to him on cross-examination, read from his ledger the credits respecting his salary, though the books were not offered in evidence. Whether the judgment rendered against the corporation is vulnerable to a collateral attack because the claims upon which it was predicated were audited by the defendants, who constitute a majority of the board of directors making the allowance, becomes important only in case of an accounting between the parties; but the failure of the plaintiffs to avail themselves of the opportunity afforded them to try the cause before the court on the merits precludes the necessity of considering the question. The errors insisted upon not appearing to have been prejudicial, the decree is affirmed.                    AFFIRMED.

Decided 12 November, 1900; rehearing denied.