## GRANNIS *vs.* CUMMINGS.

The statute which provides that " every person who shall set fire on any land, that shall run upon the land of any other person, shall pay to the owner all the damages done by such fire " [Rev. Stat. tit 1, Ch. 15, § 277,] contemplates a case where a fire is set on the land of one person, and thence runs upon the land of another, and not where the fire is set upon the land injured.

Where in an action founded upon such statute for damages occasioned to the plaintiffs' lot of land, by a fire which originated near a coal-pit which the defendant was burning on said lot, in pursuance of an agreement between the plaintiff and defendant that the latter should cut and burn into coal certain wood standing on said lot, the plaintiff claimed that the defendant was in the possession of that particular part of the lot on which the fire was set;

and the court instructed the jury, that if the defendant was in the use of the plaintiff's land only for the limited purpose of cutting wood and making it into coal, under a contract, and the plaintiff was in possession for all other purposes, it was not a case where the fire was set upon the land of the defendant, and thence ran upon the land of the plaintiff, and that consequently such action could not be maintained. Held, that such instruction was correct.

THIS was an action of trespass, brought to the superior court for the county of Litchfield. The declaration contained three counts, the third of which was founded on the 277th " section of the act for the regulation of civil actions," which provides that, " every person who shall set fire on any land, that shall run upon the land of any other person, shall pay to the owner all the damages done by such fire, to be recovered in an action of trespass."

Said third count alleged substantially that, " on the first day of October, 1853, the plaintiff was, and ever since had been, possessed of a certain tract of wood-land, situated in the town of Warren, in the county of Litchfield, containing about one hundred acres ; and that the defendant, by leave and license of the plaintiff, on said first day of October, 1853, was, and ever since has been possessed of a certain tract of land situated in said town of Warren, containing about one-fourth part of an acre, and bounded, &c. That on the 20th day of October, 1853, the defendant, with force and arms, unlawfully set fire to certain combustible materials then lying and being on said land possessed by the defendant ; which said fire ran from said land of the defendant into and upon the above described land of the plaintiff, and then and there consumed a large quantity of wood and trees belonging to the plaintiff, then standing and being on said lot of wood-land, and killed a large number of other trees standing and growing on said lot,—all of the value of two hundred and fifty dollars : whereby, and by force of the statute in such case provided &c."

The defendant pleaded the general issue, and the cause was tried at the term of said superior court, holden in November, 1855.

On the trial it was proved, that the plaintiff was the owner

of the land described in his declaration; and that the defendant had agreed with him to cut and burn into coal on the land, certain wood then on said land of the plaintiff. The defendant was to give the plaintiff one dollar for every hundred bushels so burned; or, if the defendant should choose, the plaintiff was to give the defendant three dollars for every one hundred bushels of coal burned as aforesaid, and to take the same on the pit bottom.

The defendant, in accordance with said agreement, entered upon said land, and cut wood enough for two coal-pits; set the same upon said land, and was keeling off one of said pits, when from some cause, the rubbish leaves and brush around the said pit, caught on fire, and about twenty acres of the plaintiff's said land were burned over, causing the damage complained of.

There was no evidence that the defendant was any more in possession, or that the plaintiff was any more out of possession, of one part of said lot than another, than would follow from the carrying on of said business by the defendant.

The plaintiff claimed to have proved, that, while the defendant was keeling said coal-pit, he took brands of fire therefrom and carelessly threw them on the ground near by, and that the fire so kindled, ran on to the other portion of the plaintiff's said land, not in the possession of the defendant, and did the injury complained of.

The plaintiff requested the court to charge the jury, that, if they should find that the defendant was in possession of the land where said coal-pit stood, and also of sufficient land around the same to perform all the acts necessary to the burning of said coal-pit, and that, while the defendant was so in possession of said land, he caused a fire as aforesaid, on said land, and that the same after being kindled by the defendant, ran on to the said land of the plaintiff not in the possession of the defendant, and did the injury complained of, the plaintiff, by virtue of the 277th section of the act, entitled "An Act for the Regulation of Civil Actions," was

entitled to recover on the third count in his declaration, and that their verdict must be for the plaintiff.

The defendant insisted that if the facts were as claimed by the plaintiff, still he was not entitled to recover on said third count, and asked the court so to charge the jury.

The court did not charge the jury as requested by the plaintiff, but charged them that said statute applied only to cases where the fire was set upon the land of one person and ran upon the land of another, and where that other person upon whose land the fire ran, should bring a suit for the damages done by the fire on his land. That in this case the court did not understand that it was claimed by the plaintiff that the defendant was any more in possession, or that the plaintiff was any more out of possession, of one part of said lot than another, than would arise from the carrying on of the said business of the defendant; and should the jury find that the defendant was in possession of said lot for a limited purpose, to wit: the cutting of certain wood and manufacturing it into coal, and this possession extended to the entire lot, and that for all other purposes the plaintiff was in possession of the said lot, that it could not be said that the fire was set upon the land of one person and ran upon the land of the plaintiff, and that the third count could not be maintained as a count on the statute.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*J. H. Hubbard* and *Todd*, for the plaintiff.

*Hollister* and *Beman*, for the defendant.

Storrs, J. The third count of the declaration in this case, on which alone the questions, which have been made before us, arise, is founded on the statute which provides that " every person who shall set fire on any land, that shall run upon the land of any other person, shall pay to the owner all the damages done by such fire." Rev. Stat. tit. 1, § 277, p. 148.

The first question is, whether this statute gives an action

to the person whose land has been injured by a fire set on it by another person, or only to a person whose land has been injured in consequence of a fire running upon it, which was originally set upon the land of another person. The judge below instructed the jury that it applied only to the latter case; and in this we think that he was correct. Taking the whole language of the statute together, this construction is in accordance with its natural and proper meaning, whereas that claimed by the plaintiff would be very forced and unnatural. The law plainly contemplated an injury to a person from a fire running upon his land which had been set on the land of another person. The act for which it gives an action is, not merely setting fire on land, but the setting fire on any land "that shall *run upon the land of another person;*" and by such "other person," was intended a proprietor of land other than the one on whose land the fire was set. The statute first speaks of the land on which the fire should be set, and then of its *running* upon the land of *any other person;* meaning, of course, a different person from the one on whose land the fire should be set. It was intended to provide that the damage which may be recovered shall be that which is occasioned, not to the land on which the fire was set, but to the land of another person upon which it should afterwards run; and contemplated a case where fire should be set on the land of one person, and from thence run on or spread upon the land of another, which should be injured by such *running* or *spreading* of the fire. It is also clear from reading the statute, that by "*the owner*," to whom an action is given to recover his damages, is meant the owner of the land upon which the fire had *run* after it had been set upon the land of another person.

That this is the true meaning of this law, is yet more clear if we look at the mischief intended to be remedied by it. It is a purely remedial statute, the object of which plainly was, to furnish a remedy to the owner of land where he had previously no redress, in the case of an injury done to it by fire communicated to it, which had been set on the land of another person. By the common law there was no redress in

such cases unless the person who set the fire did so for the purpose of injuring the land of another, or was guilty of negligence in not preventing it from spreading beyond his own land. 1 Selwyn N. P., (by Wheaton,) 334, n. *Clark* v. *Foot*, 8 Johns., 421. Whether on account of the difficulty of proving that such injury was caused by design or negligence, or because it was deemed more just that the loss should be borne by the person who caused, than by him who suffered from it, the law in question was passed obviously, for the purpose of furnishing redress in all cases to the owner of land thus injured, against the person who caused such injury by setting a fire on the land of another. In the case, however, of an injury done to land in consequence of a fire being set directly upon it, it is difficult to conceive why a more ample remedy should be provided than the common law furnishes.

The plaintiff claimed on the trial, that the defendant was in the possession of that part of the lot of the plaintiff on which the fire was set by him, and that therefore, as to such part, it was the land, not of the plaintiff, but of the defendant. The court charged the jury that if the defendant was in the use of the lot of the plaintiff only for the limited purpose of cutting wood, and manufacturing it into coal, under and according to the contract which has been made between the parties, and the plaintiff was in possession of the lot for all other purposes, it was not a case where the fire was set upon the land of the defendant and ran upon the land of the plaintiff. This instruction was, in our opinion, correct. On the facts upon which it was predicated, the part of the lot on which the fire was set, was not, in any sense, the land of the defendant. The contract impliedly gave him a licence to go upon the lot and do the acts required by it; but it conveyed no estate or interest in the land or any part of it. It did not amount to a lease, or even to the grant of an easement. Nor did the use of the land by the defendant, for the purpose only of doing such particular acts as those specified in that contract, constitute a possession of it by him, or displace the possession of the plaintiff. It was only a transient and temporary use of the land by him, not as the owner or proprietor of it,

or as having any interest or estate in it, but only as a convenient place for the purpose of doing the acts required by the contract, in which the parties had a mutual and equal interest, but which had no reference to the possession of the land, and this is not considered in law as a possession of real estate.

> We do not advise a new trial.

In this opinion, the other judges, HINMAN and ELLSWORTH, concurred.

> New trial not to be granted.