HIRSH v. JONES et al.

(Circuit Court, N. D. Texas. May 19, 1893.)

No. 469.

1. CORPORATIONS—MISCONDUCT OF OFFICERS—REMEDIES OF STOCKHOLDERS.

A stockholder in a corporation cannot maintain an action at law against the officers and directors thereof to recover damages for willful waste of the assets, whereby the value of his shares was decreased, and he became liable to an assessment thereon, and his remedy must be sought in equity.

**2. FEDERAL COURTS—PRACTICE—REFORMATION OF PLEADINGS.**

When a party brings an action at law in a federal circuit court upon a cause of action which is maintainable only in equity, the court, on sustaining a demurrer, cannot allow him to reform his pleadings so as to proceed in equity, but will dismiss the action.

At Law. Action by Jacob Hirsh, a shareholder in a national bank, against W. Goodrich Jones and others, officers of said bank, for damages for willful waste of the assets of the bank, by which his stock became liable to assessment, and decreased in value. On demurrer to the petition. Demurrer sustained, and case dismissed.

A. M. Monteith, for plaintiff.
Alexander & Campbell, for defendants.

Before McCORMICK, Circuit Judge, and RECTOR, District Judge.

McCORMICK, Circuit Judge. This is an action at law, by a shareholder in a national bank, against the officers and directors of the bank, claiming against them damages for willful waste of the assets of the bank, by which his stock became liable to assessment, and decreased in value, details of which are given in the petition. Defendants demur. The demurrer is general and special. We have, with some care, examined the authorities cited by each party. We do not deem it useful to review the authorities. We consider the general demurrer to the jurisdiction well taken. In our view, the authorities are uniform in support of the proposition that where the cause of action affects all the interests of the corporation, as such, the corporation is the proper party to sue, and on its refusal to sue, or falling under the control of those liable to the suit, and thus not to be trusted to bring and conduct the action, the injured stockholder has his remedy in equity, and must seek it in that jurisdiction. Cook, Stock. & S. 701, 734; Kendig v. Dean, 97 U. S. 423; Dewing v. Perdicaries, 96 U. S. 193; Dodge v. Woolsey, 18 How. 341; Conway v. Halsey, 44 N. J. Law, 462.

Plaintiff asks, in his petition, that, if the court should hold that his remedy is in equity, he have leave to replead, make the necessary parties, and proceed in equity. It may be conceded that he has shown such a case as would have been considered a compliance with rule 94, or excused compliance with it, (though we do not so construe his pleadings,) and yet correct practice, if not want of power, would forbid taking such action. Where suits have been properly brought in a court of a state wherein the two jurisdictions of law and chancery are blended, and these cases, or numerous such cases, affecting the same plaintiff and same subject-matter have been properly removed to the circuit court, this court will take such orders, and so adjust the parties and the pleadings, as to give all parties the adequate relief. When, however, a party brings an action at law in the circuit court on a cause of action which this court can consider only in equity, all that he can ask, on a demurrer being sustained on that ground to his petition, is

that it may be dismissed without prejudice. We therefore adjudge that the demurrer be sustained, and that the plaintiff's action be dismissed, without prejudice.