[No. 5037.]
[No. 2597 C. A.]

## MOGENSON v. ZUBLER.

1. **Appellate Practice—Judgment—Conflicting Evidence.**

Where there is a conflict of evidence, the judgment will not be disturbed on appeal.—P. 237.

2. **Same—Objections and Exceptions—Failure to Urge Below— Waiver.**

Where evidence was taken before a referee on the theory that he was authorized to report findings of fact, and he did so, and no objection was made to his return in, the district court, and in addition an absence of intention to make such suggestion on appeal is manifest from the abstract, the right to have such objection heard is waived.—P. 237.

3. **Practice in Civil Actions—Decree—Parol Evidence of Contemporaneous Agreement.**

Where the terms of a decree of divorce were full and complete in their bearing on the property rights of the parties, in a subsequent action by the divorced wife for an accounting of partnership property, it was proper to exclude parole evidence of a conflicting contemporaneous agreement.—P. 238.

*Appeal from the District Court of San Miguel County.*

*Hon. Theron Stevens, Judge.*

Action for an accounting by Mattie J. Zubler against Frank P. Mogenson. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

Mr. R. H. WILSON and Mr. C. E. REED, for appellant.

Messrs. HOGG and WATSON, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

Action for an accounting; referee to take evidence and report findings of fact; a report in favor of plaintiff (appellee); its approval and judgment for plaintiff in accordance therewith; from which judgment is this appeal.

The disposition of the appeal depends upon whether certain note credits claimed by defendant (appellant) in the accounting were properly rejected. These contested credits consisted of three notes, two, each in the sum of $600.00, and a third in the sum of $1,091.00.

Plaintiff and defendant were at one time husband and wife. Plaintiff instituted an action for divorce. In consideration of a property settlement, the terms of which were embodied in a written contract, of date July 15th, the action was dismissed. By this settlement plaintiff became an owner with defendant in certain mining property. This property was thereafter operated by defendant upon the joint account of plaintiff and himself. When this property had been so operated about one year, defendant instituted an action for divorce against plaintiff and obtained a decree of absolute divorce. This decree adjusted all property rights between plaintiff and defendant by confirming them as the parties by agreement had fixed them in the above contract of July 15th. Immediately after the rendition of the decree plaintiff instituted the present proceeding against defendant for an accounting of the operation of the mine on this joint account. The three notes above mentioned defendant claimed should be allowed him as credits in the accounting on operation of the mine on joint account. By the contract of July 15th defendant expressly agreed to pay the two $600.00 notes out of his individual assets.

As to the $1,091.00 note, this had been given before plaintiff acquired any interest in the mine, and before the beginning of the operation of the mine. While the note was signed by both the plaintiff and the defendant, the proceeds were used on the individual account of the defendant; further, it was

secured on the individual property of the defendant. Apparently plaintiff, with reference to defendant, was but a surety on the note; certain it is, there was no implied authority for defendant to charge payment of this note to the operating expenses of the mine. It is claimed, however, by defendant, that shortly after he began the operation of the mine on joint account, discovering the opposition of the plaintiff to the payment of the three notes out of the proceeds of the operation of the mine, he refused to run the mine further, unless plaintiff consented to such mode of payment, which she did, and in consideration thereof he continued to operate the mine, and in pursuance thereof so paid the notes.

There was evidence for defendant that such agreement was made; there was evidence for the plaintiff that no such agreement was ever made. A conflict in evidence was thus presented. The referee found thereon for the plaintiff. The finding was approved by the lower court. We are bound thereby.

Some contention is made in the briefs that the order of reference did not authorize findings of fact, but simply empowered the referee to report the evidence.

We do not concede that the order was too narrow to permit findings of fact, but if it was, it is now too late to raise the question. The case was tried before the referee on the theory that he was authorized to report findings of fact. When he made his report to the district court it expressly embodied findings of fact and no exception was filed to it on that ground in that court. The report was not objected to on that ground in that court. Even in preparing the abstract herein for use on this review the absence of intention to make this objection is manifest. There, this recital appears: "Referred by the district judge to M. L. Brown, referee, to take

evidence and make his findings upon the law and facts.''

We repeat, if there was anything in this objection, it was waived. The terms of decree of divorce were full and complete in their bearing on the pre-existing property rights of the parties, therefore, the court was right in excluding an attempt to introduce parol testimony of a contemporaneous agreement in conflict with the terms of the decree. There is nothing in the decree of divorce affecting the rights of the parties hereto in the matter of the accounting here involved.

The credits claimed on account of the above notes are the questions to which counsel especially address themselves, and are the important ones in the case. Error, however, is claimed as to certain other items in the accounting, minor in amount. Some of these items are payments of interest on the above notes, and are disposed of by the ruling on the notes. As to the other items, we cannot say as the evidence comes to us in the abstract, that any of them was improperly allowed.

Judgment affirmed.    *Affirmed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE MAXWELL concurring.