[Civ. No. 1614. First Appellate District.—July 2, 1915.]

## CLARK, WISE & CO., Respondent, v. HENRY HAUSCHILDT, Appellant.

CONTRACTS—SALE OF MUSICAL INSTRUMENTS—ACTION FOR ACCOUNTING— FINDINGS—CONFLICTING EVIDENCE.—In this action for an accounting based upon a contract under which defendant was to sell certain pianos and other musical instruments and goods for the plaintiff, it is held that, as the findings in favor of the plaintiff were based upon conflicting evidence, the judgment cannot be disturbed upon appeal.

ID.—REPORT OF REFEREE—WAIVER OF OBJECTION TO.—In such a case the
objection that the report, findings, and conclusions of the referee are
not sustained by the evidence, and also that the report of the referee
goes beyond the scope of the order of reference, should have been
made to the trial court at the hearing, which was duly noticed upon
the referee's report, and cannot be made upon appeal for the first
time.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. William S. Wells, Judge.

The facts are stated in the opinion of the court.

W. A. Andrews, Herbert D. Wise, and R. M. F. Soto, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

KERRIGAN, J.—In this action the plaintiff sought an accounting from the defendant arising out of a contract between the parties, by the terms of which the defendant was to conduct a sale or sales of certain stock of pianos and other musical instruments purchased by him from the plaintiff, and also such other goods and merchandise as the defendant might elect to dispose of in connection with such sales.

The facts of the case out of which the contract arose and the alleged liability for an accounting grew, are substantially these: The plaintiff had been engaged in the business of dealer in pianos and other musical instruments for years at its store at No. 233 Grant Avenue in the city of San Francisco, but was desirous of retiring from business at that place in the early part of the year 1911. The defendant also was engaged in conducting a music store at No. 51 Grant Avenue in said city and also in the city of Oakland. A contract was made between the parties on February 8, 1911, by the terms of which the plaintiff agreed to sell and the defendant to buy the entire stock of goods and merchandise of the former located at said No. 233 Grant Avenue or elsewhere, paying the invoice price therefor, which said stock of goods, together with such other goods and merchandise as the defendant might elect to sell at the same time, were by the defendant to be advertised and sold at special sale or sales to be conducted in the name of the plaintiff for a certain period, and

afterward under any name the parties might elect, which sale or sales it was agreed should extend over a period of at least sixty days, and longer if considered advisable by the parties upon the same terms. It was not directly stated in this contract where such sale or sales were to be conducted, except that for the first sixty days the sales were to be conducted at the store of the plaintiff, the occupancy and rental of which during said period was to be at the expense of the defendant to the extent of the sum of eight hundred and seventy-five dollars, payable monthly in advance. Out of the proceeds derived from such sale or sales the defendant was to pay to plaintiff twenty per cent of the gross profit if less than twenty thousand dollars in monthly sales, and twenty-seven and one-half per cent of such gross profit if such monthly sales amounted to twenty thousand dollars or over. In accordance with this contract the defendant on March 1, 1911, took charge of the plaintiff's stock and store, and advertised and conducted such sale or sales there up to April 30, 1911. According to the averments of the plaintiff's complaint, it was then considered advisable by the parties to continue such sale or sales and the advertisement thereof for a longer period, and to conduct the same in the name and under the management of the defendant and at his places of business at No. 51 Grant Avenue in the city of San Francisco, and also in the city of Oakland. This was done during April and May, 1911, the defendant continuing to advertise the stock of goods on sale as the Clark, Wise & Co.'s stock, and continuing to sell the same during the said two months. Having declined to account for the sales of these two latter months, or to pay plaintiff its percentage on the gross profits thereof, this action was brought by plaintiff to compel such accounting and settlement.

On the trial the plaintiff recovered judgment for the sum of $3,863.97 with interest, from which judgment and from an order denying a new trial the defendant prosecutes this appeal.

When the contract upon which this action was brought is read by the four corners, it would seem very plain that the chief purpose which the parties to it had in view was the disposition of the stock of musical instruments of the plaintiff, and incidentally whatever other goods and merchandise the defendant might add to it, in the most speedy and advanta-

geous way. The time within which and the place where this was to be done were not material elements in the transaction except as they were affected by the fact that the stock of goods of the plaintiff was chiefly located in its store at No. 233 Grant Avenue, the monthly rental of which was eight hundred and seventy-five dollars. There was some evidence offered on behalf of the plaintiff that after the sale had proceeded during the months of March and April it was mutually agreeable to give up the store at the latter place, although, according to the report of the referee, a considerable portion of the Clark, Wise & Co.'s stock had not yet been sold. A large part of the brief of the appellant is devoted to the proposition that the evidence upon this point is not sufficient to sustain the findings of the court which were made upon the referee's report; but there is clearly a conflict of evidence in this respect, and this being so the findings of the court will not be disturbed upon appeal.

The appellant urges that the complaint is insufficient, but we think it good as against a general demurrer.

It is also insisted that the report, findings, and conclusions of the referee are not sustained by the evidence, and also that the report of the referee goes beyond the scope of the order of reference. We think these objections should have been presented to the trial court at the hearing, which was duly noticed upon the referee's report, but at which hearing the defendant did not appear or urge the objections for the first time presented here. But aside from this, we think the objections themselves to be without merit.

We find no other points deserving of consideration upon this appeal.

Judgment and order affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1915.