(December 10, 1925.)

JOHN W. MORTON, Respondent, v. MORTON REALTY COMPANY, a Corporation, FOSTER CRANE and F. R. GOODING, Appellants.

[241 Pac. 1014.]

CORPORATIONS — SUITS BY STOCKHOLDERS AGAINST OFFICERS AND DI-
RECTORS—ACCOUNTING—EQUITABLE ACTION—RIGHT TO JURY TRIAL
—REFEREE'S FINDINGS—APPEAL AND ERROR—OBJECTIONS—ASSIGN-
MENT OF ERROR.

    1. Directors of corporations act in a fiduciary capacity. They hold the corporate property in trust, and any attempt on their part to divert the use of such property to their personal profit or interest is a violation of the trust imposed by virtue of their official position.

    2. A stockholder may maintain an action against the officers who are also the directors of a corporation to restrain them from doing an intended unlawful act when such officers and directors are in complete control of the corporation.

    3. A suit may be instituted by a stockholder against an officer or directors of a corporation to redress wrongs to the cor-

————

1. Liability of directors of corporation, see note in 53 Am. Dec. 637. See, also, 7 R. C. L. 456.

2. Stockholders of corporation, when may maintain suits against officers or agents to call them to an accounting or to set aside their acts, see note in 41 Am. Dec. 367. See, also, 7 R. C. L. 491.

poration, where a demand on the corporation to sue would be futile or useless and where the suit is to restrain the directors from doing an alleged intended unlawful act.

4. The remedy of such stockholder is in equity and therefore the parties are not entitled as a matter of right to a jury trial.

5. Complaint in this case examined and *held* to justify a stockholder in suing the directors and general manager to restrain the alleged intended unlawful disbursing of corporate funds.

6. Objection that a referee has exceeded his authority in making certain findings and conclusions must be made in the trial court, and such objection comes too late if made for the first time in the appellate court.

7. On appeal from a judgment based on findings of a referee, any adverse ruling of the referee appearing to have been excepted to, or by statute deemed excepted to and preserved in the reporter's transcript, where such transcript of the evidence has been settled and allowed as a bill of exceptions by the trial judge, may be assigned as error and will be considered by this court the same as if such proceedings had taken place before and in the course of a trial by the district court.

8. The cross-examination of an adverse party under C. S., sec. 8035, is confined by C. S., sec. 8034, to the material issues in the case.

9. In an action for an accounting where respondent, plaintiff below, had testified on cross-examination under the statute permitting the examination of an adverse party, that "I know the accounting isn't correct as far as we have investigated," it was prejudicial and reversible error to not allow the answer to the question, "Now, will you designate to the court that portion of the total that is incorrect?"

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for an accounting. Judgment for plaintiff. *Reversed.*

Bissell & Bird and W. T. Stafford, for Appellants.

Where the ultimate relief sought in an action is the recovery of a money judgment, and equitable issues are only

6. See 23 **R. C. L.** 299.

incidental, the action is one at law.    (*Johansen v. Looney,* 30 Ida. 123, 163 Pac. 303.)

Under such circumstances, if, without the consent of the parties, a statute authorizes a reference of the cause merely because it involves a long account, such statute is repugnant to art. 1, sec. 7 of the constitution, providing that the right of trial by jury shall remain inviolate, and any reference made is erroneous.    (C. S., secs. 6865, 6870, 6871, 6835 and 6857; *St. Paul etc. Co. v. Gardner,* 19 Minn. 132, 18 Am. Rep. 334;; *Russell v. Alt,* 12 Ida. 789, 88 Pac. 416, 13 L. R. A., N. S., 146, with annotation at 13 L. R. A., N. S., 146.)

Where an order of reference directs the referee to state an account between the parties only, but despite this limited authority the referee proceeds to make findings and conclusions upon all the basic issues of the pleadings and such findings are unauthorized and invalid, if a judgment based exclusively thereon is entered it is unfounded and erroneous.    (*Taylor v. Peterson,* 1 Ida. 513; *Idaho Placer Min. Co. v. Green,* 14 Ida. 294, 94 Pac. 161; *Morris v. Lemp,* 13 Ida. 116, 88 Pac. 761; *McElroy v. Whitney,* 12 Ida. 512, 88 Pac. 349; *Bradshaw v. Morse,* 20 Mont. 214, 50 Pac. 554; *Best v. Pike,* 93 Wis. 408, 67 N. W. 697; C. S., secs. 6870, 6871; *Williams v. Benton,* 24 Cal. 424; *Ward v. Cochran,* 150 U. S. 597, 14 Sup. Ct. 230, 37 L. ed. 1195.)

The finding of a referee authorized to state an account between the parties is in the nature of a special verdict. (C. S., sec. 6877.)

And such findings may be reviewed in the manner that verdicts of juries are reviewed.    (*United States v. Ramsey,* 158 Fed. 488.)    And may be reversed or altered even though there be a substantial conflict in the evidence. (*Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216.)

J. G. Watts and James & Ryan, for Respondent.

Art. 1, sec. 7 of the Idaho constitution, guaranteeing trials by jury, refers only to actions at law and not to equitable actions.    (*Christensen v. Hollingsworth,* 6 Ida. 87,

96 Am. St. 256, 53 Pac. 211; *Russell v. Alt,* 12 Ida. 789, 88 Pac. 416, 13 L. R. A., N. S., 146.)

Where the relationship between the parties is a fiduciary one, an action in accounting is an equitable action. (*Fox v. Hall,* 164 Cal. 287, 128 Pac. 749; 1 C. J. 612, 621; 1 R. C. L. 224; Pomeroy's Equity Jurisprudence, 4th ed., sec. 1421.)

The relation between a corporation and its president acting as its general manager is a "fiduciary relation." (*Tevis v. Hammersmith* (Ind. App.), 81 N. E. 614.)

Where an accounting has been had, and the evidence taken, it is then too late to interpose an objection that the remedy is at law. (1 C. J. 626, and cases cited; *Drake v. Lacoe,* 157 Pa. 17, 27 Atl. 538.)

The findings of a referee based upon conflicting evidence will not be disturbed on appeal. (*Clark, Wise & Co. v. Hauschildt,* 28 Cal. App. 47, 151 Pac. 149; *Mogenson v. Zubler,* 36 Colo. 235, 84 Pac. 981; *Bernard v. Sloan* (Cal.), 84 Pac. 232; *Stephens v. Parvin,* 33 Colo. 60, 78 Pac. 688.)

Objections to the report of a referee in an accounting that his findings are not sustained by the evidence and that his report goes beyond the scope of the order of reference will not be disturbed where not presented to the trial court at the hearing upon the referee's report. (*Clark, Wise & Co. v. Hauschildt, supra; Mogenson v. Zubler, supra; First Nat. Bank v. McClellan,* 9 N. M. 636, 58 Pac. 347.)

An appellate court cannot consider assignments of error attacking the action of a referee before whom the case was tried, but such action must first be attacked in the district court, and the action of such court thereon may be then assigned as error. (*Howe v. City of Hobart,* 18 Okl. 243, 90 Pac. 431; *Northrup Nat. Bank v. Webster Refining Co.,* 91 Kan. 434, 138 Pac. 587; 89 Kan. 738, 132 Pac. 832; *Meyer v. Eichler,* 92 Or. 1, 179 Pac. 659; *Porter v. Barling,* 2 Cal. 72.)

To entitle an appellant to review a judgment based upon the report of a referee and to attack the findings of fact,

it is necessary that a motion for a new trial should have been filed in the trial court and overruled by that court. (*Northrup Nat. Bank v. Webster Refining Co., supra.*)

C. S., sec. 6887, authorizes a new trial in the case of a decision by a referee.

In the case of a reference the lower court does not review the evidence but must render judgment in accordance with a report of the referee, unless objection thereto is made. (C. S., sec. 6876; *Northrup Nat. Bank v. Webster Refining Co., supra.*)

Where a reference has been ordered and the referee makes his findings, the district court has no jurisdiction to determine the facts, but can only grant a new trial. (*Northrup Nat. Bank v. Webster Refining Co., supra.*)

An appellate court will not give attention to any objections not urged before the lower court. (*Meyer v. Eichler, supra; Porter v. Barling, supra;* 1 C. J. 647.)

Questions not passed upon and specifically decided by the lower court after a reference will not be considered by the appellate court. (*Bernheim v. Louisville Property Co.,* 185 Ky. 63, 214 S. W. 801.)

Where the defendant is an accounting party, as one occupying a fiduciary relation, the burden is on him to show the performance of his trust. (1 C. J. 643; *Fox v. Hall,* 164 Cal. 287, 128 Pac. 749; 1 Cyc. 448.)

GIVENS, J.—Respondent, John W. Morton, a stockholder of the Morton Realty Company, an Idaho corporation, commenced this action in February, 1919, against the corporation and Foster Crane and Frank R. Gooding, the latter two with respondent being the directors of the corporation, following the sale of the Buckeye ranch and all chattels on the same, owned by said company, to restrain appellant Foster Crane, also a stockholder, and president, treasurer and general manager, from disbursing the $105,000 or any part thereof, received as the purchase price of such ranch, until appellant made a complete accounting of all receipts and disbursements during his management and

operation of the company's property. Appellant Crane had distributed $79,000 of the purchase price according to the several holdings of stock, and retained $26,000 of said purchase price upon a claim that the company was indebted to him in this amount for advances he had made during his management of the property. The complaint further alleges that the total stock of the corporation was 2,000 shares, that the defendant Foster Crane owned a majority of said stock, that the defendant Frank R. Gooding owned 500 shares and that respondent was the owner of 469 shares, and alleges that due to this fact the company had failed and refused to demand an accounting of defendant Foster Crane and because of that reason this respondent instituted this action.

Respondent alleged that no accounting had ever been made to the company during Crane's incumbency as treasurer and general manager; that appellant was not authorized to incur the expenditures of $26,000 on behalf of the corporation; that he had agreed his expenditures in carrying on the business of the corporation should not exceed the income and profits derived from the operation of the Buckeye ranch; that by reason of these facts the entire purchase price received from the sale of the ranch should be distributed to the stockholders in proportion to their holdings of stock; denied this indebtedness of $26,000 or any other amount from the corporation to appellant Crane, asked for an accounting and restraining order and that the moneys retained by Crane be distributed.

Appellant Crane filed his separate answer, admitting the sale of the property, alleging such sale was made with the consent of respondent; denying that he had failed to make an accounting; and alleged he had made full, complete and itemized statements of all his financial transactions, which were audited and found correct by an auditor employed by the corporation.

Upon the issues thus presented respondent moved for the appointment of a referee "to take an accounting of the defendant corporation," whereupon the court allowed a

reference, naming Frank Croner, Esquire, of Fairfield, Idaho, as such referee for taking such accounting with full power to require the parties and witnesses to appear before him to give testimony and produce documentary evidence concerning any and all matters involved and the taking of such account, further providing, ''and said referee may direct the taking of depositions, hearing testimony of witnesses, and examination of such books, papers and accounts as in his judgment is necessary to determine what amount, if any, is due from the said Foster Crane to the Morton Realty Company, a corporation, and to this plaintiff and report his findings to this court not later than the 29th day of October, 1921.''

The appellant Frank R. Gooding, was joined as a party defendant but did not appear further, no claim was made against him and evidently he sought no relief, hence the only stockholder in the action seeking relief was the respondent Morton.

A hearing was had before the referee after which he reported to the court his findings of fact and conclusions, and upon reconsideration, a supplemental report was made; thereafter upon respondent's motion, judgment was entered against the appellant Foster Crane in favor of respondent, for his share of the corporate funds retained by Crane in the sum of $5,305.52, from which judgment and all of the proceedings leading up to the same this appeal is taken.

Appellant's first assignment of error is as follows:

''That the judgment in this case is erroneous because the appellant was not afforded a trial by jury as guaranteed by the Constitution of the State of Idaho.''

Article 1, section 7 of the Idaho constitution, guaranteeing the right to trial by jury, does not refer to equitable actions. In *Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211, this court stated:

''It is the settled doctrine in a number of states having constitutional provisions similar to those above cited that those provisions must be read in the light of the law existing at the time of the adoption of the constitution. Said pro-

visions were not intended or designed to extend the right
of trial by jury, simply to secure that right as it existed
at the date of the adoption of the constitution. (Citing
numerous authorities.) The guaranty that 'the right to
trial by jury shall remain inviolate' has no reference to
equitable cases.'' (Citing authorities.) (*Brady v. Yost,*
6 Ida. 273, 55 Pac. 542; *Shields v. Johnson,* 10 Ida. 476, 79
Pac. 391; *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795,
46 L. R. A., N. S., 475; *Rees v. Gorham,* 30 Ida. 207, 164
Pac. 88; *People v. Burnham,* 35 Ida. 522, 207 Pac. 589.)

Crane was the general manager and president of the
Morton Realty Company during a period of approximately
three years, over which period of time this accounting was
prayed for, and to determine whether or not Crane had
a legal set-off required an examination of the expenditures
incurred and the revenue derived from the operation of
the ranch during this time. The claim itself is not for any
specific sum and must be determined by an accounting be-
tween the parties.

Where the relation between the parties to an action is a
fiduciary one, an action for an accounting is an equitable
action.

''When majority stockholders dispose of the property of
the corporation which they control in such a manner as to
deprive the minority of their just rights in it, there is a
breach of trust, and a court of equity is the tribunal and
the only tribunal to provide an effective remedy.'' (*Backus
v. Brooks,* 195 Fed. 452, 115 C. C. A. 354; *Hirsch v. Jones,*
56 Fed. 137.)

''If the corporation being in control of the defaulting
officers or for other insufficient reasons remains inactive,
nevertheless equity will afford relief on a bill brought by
one or more of the stockholders for its benefit and to which
it must be made a party. *Smith v. Hurd,* 12 Met. (Mass.)
371, 385, 46 Am. Dec. 690; *Von Arnim v. American Tube
Works,* 188 Mass. 515, 74 N. E. 680.'' (*Corey v. Indepen-
dent Ice Co.,* 226 Mass. 391, 115 N. E. 488.)

"Since the officers of a corporation are trustees, a court of general equitable jurisdiction would at the instance of any stockholder prevent a wilful misappropriation of its funds and waste of its assets, and compel the officers to account for their misconduct. *Davis v. Gemmel,* 70 Md. 356, 376, 17 Atl. 259; *Byrne v. Schuyler El. Mfg. Co.,* 65 Conn. 336, 351, 352, 31 Atl. 833, 28 L. R. A. 304; *Pratt v. Pratt Read Co.,* 33 Conn. 446, 457; *Scofield v. Eighth School Dist.,* 27 Conn. 499, 504; *Sears v. Hotchkiss,* 25 Conn. 170, 176, 65 Am. Dec. 557; *Dodge .v. Woolsey,* 18 How. (U. S.) 331, 15 L. ed. 401; *Hawes v. Oakland,* 104 U. S. 450, 26 L. ed. 827." (*Sheehy v. Barry,* 87 Conn. 656, 89 Atl. 259; *Davis v. Hofer,* 38 Or. 150, 63 Pac. 56; *Skeen v. Warren Irr. Co.,* 42 Utah, 602, 132 Pac. 1162; 1 Pomeroy's Equity Jurisprudence, 4th ed., p. 254; 4 Pomeroy's Equity Jurisprudence, 3d ed., sec. 1421.)

*Fox v. Hall,* 164 Cal. 1287, 128 Pac. 749, follows this rule and says: "The contract between the plaintiffs and L. J. Hall, followed by his possession of their property and the management thereof, entitled them to an accounting from him of such management, and of the receipts and disbursements, to the end that they might then demand the payment of any net income which should have been applied to the reduction of the mortgage debt. The facts alleged and proved showed the existence of fiduciary relation sufficient to invoke the jurisdiction of a court of equity to compel an accounting, which as the evidence shows, had been demanded of the defendant L. J. Hall. (1 Cyc. 427; *Wooster v. Nevills,* 73 Cal. 58, 14 Pac. 390; *Green v. Brooks,* 81 Cal. 328, 22 Pac. 849; *San Pedro Lumber Co. v. Reynolds,* 111 Cal. 588, 44 Pac. 309; *Coward v. Clanton,* 122 Cal. 451, 55 Pac. 147.) Upon such accounting, the burden would probably be upon the said defendant to establish any expenditures or credits upon which he might rely as offsets to the gross income shown to have been received by him." (1 C. J. 621, sec. 68; *Frankfort Marine A. & M. Co. v. California A. M. & W. Co.,* 28 Cal. App. 74, 151 Pac. 176; *Anderson v. Watson,* 141 Md. 217, 118 Atl. 569.)

The relation between a corporation and its president or general manager is a fiduciary relationship. (*Port v. Russell,* 36 Ind. 60, 10 Am. Rep. 5; *Pratt v. Luther,* 45 Ind. 250; *Dury v. M. & S. R. R. Co.,* 7 Wall. (U. S.) 299, 19 L. ed. 40; *Wayne Pike Co. v. Hammons,* 129 Ind. 368, 27 N. E. 487; Pomeroy's Equity Jurisprudence, secs. 147, 881, 964.)

"Equity has jurisdiction of a suit by a corporation against its managing agent to require an accounting in respect to his management of its property even though the ultimate object sought is to obtain a money judgment." (*Providence M. & M. Co. v. Nicholson,* 178 Fed. 29.)

In *Fowle v. Lareson,* 5 Pet. (U. S.) 495, 8 L. ed. 204, Chief Justice Marshall said:

"In all cases in which the action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted. It is the proper tribunal." (*Jones v. Gardner,* 57 Cal. 641, 19 Pac. 641; *First Sav. Bank & Trust Co. v. Greenleaf,* 294 Fed. 467. See, also, *National Bank of Commerce v. Equitable Trust Co.,* 227 Fed. 526, 142 C. C. A. 158; *George v. Wallace,* 135 Fed. 286, 68 C. C. A. 40; *Kilbourn v. Sunderland,* 130 U. S. 505, 9 Sup. Ct. 594, 32 L. ed. 1005; *Bailey v. Kirby Lumber Co.* (Tex. Civ. App.), 195 S. W. 221.)

Primarily the corporation is the party to proceed in such cases to redress wrongs to the corporation, but a stockholder may institute such an action without demand on the corporation where such demand would be futile or useless, on the theory that the offending parties would be unlikely to start proceedings against themselves. (*Ryan v. Old Veteran Min. Co.,* 37 Ida. 625, 218 Pac. 381; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Forbes v. Wilson,* 243 Fed. 264; *Robinson v. De Luxe Motor Car. Co.,* 170 Mich. 163, 135 N. W. 897; *Matthews v. Headly Chocolate Co.,* 130 Md. 523, 100 Atl. 645; *Tasler v. Peerless Tire Co.,* 144 Minn. 150, 174 N. W. 731; *Heath v. Erie Ry. Co.,* 11 Fed. Cas. 976; *Glenn v. Kittaning Brewing Co.,* 259 Pa. 510, Ann. Cas. 1918D, 340, 103 Atl. 340, L. R. A.

1918D, 738; *Columbia Nat. Sand D. Co. v. Washed Bar Sand D. Co.*, 136 Fed. 710; *Hughes Mfg. & Lumber Co. v. Culver*, 127 Ark. 72, 189 S. W. 850; *Magle v. Fomby*, 132 Ark. 289, 201 S. W. 278; *Reed v. Hollingsworth*, 157 Iowa, 94, 135 N. W. 37; *Grout v. First Nat. Bank of Grand Junction*, 48 Colo. 557, 21 Ann. Cas. 418, 111 Pac. 556; *Wayne Pike Co. v. Hammons*, 129 Ind. 368, 27 N. E. 487; *Smith v. Rader*, 31 Ida. 423, 173 Pac. 970; *Alabama Fidelity Mtg. & Bond Co. v. Dubberly*, 198 Ala. 545, 73 So. 911; *Gosewisch v. Doran*, 161 Cal. 511, Ann. Cas. 1913D, 442, 119 Pac. 656; *Davis v. Gemmel*, 70 Md. 356, 17 Atl. 259.)

Appellant complains in his second assignment of error because the referee made findings upon the issues of fact, saying that he was not authorized so to do under the order of reference. While there may be some question as to whether the referee was authorized to make such findings, it appears that appellant's objection came too late, since the objection was made for the first time in this court and after the findings and conclusions had been confirmed and judgment entered thereon in the trial court.

"Where a case was tried before a referee on the theory that he was authorized to report findings of fact, and he did so, and no objection to his so doing was filed in the trial court, any objection to the findings of the referee, on the ground that he was not so authorized by the order, was waived." (*Moghanson v. Zubler*, 36 Colo. 235, 84 Pac. 981; *First Nat. Bank v. McClellan*, 9 N. M. 636, 58 Pac. 347; *Field v. Romero*, 7 N. M. 630, 41 Pac. 517; *De Cordova v. Korte*, 7 N. M. 678, 41 Pac. 526; *Express Co. v. Walker*, 9 N. M. 456, 54 Pac. 875; *Clark, Wise Co. v. Hauschildt*, 28 Cal. App. 47, 151 Pac. 149.)

The only objection made in the lower court to the confirmation of the referee's findings and conclusions was on the ground that appellant was entitled to a jury trial; therefore, the question of whether or not the referee exceeded his authority or went beyond the order of reference in making findings and conclusions was under the above

authorities deemed waived.    (*Walker v. Campbell*, 3 Ida. 13, 26 Pac. 23.)

Appellant's third assignment of error was that the judgment, report and supplemental report and findings of the referee are contrary to the law and evidence and not supported by the evidence. Respondent urges that to authorize a review of a judgment based upon the report of a referee and to attack the findings, a motion for new trial should have been made.

C. S., sec. 6876, provides as follows: "The findings of the referee upon the whole issue must stand as the finding of the court, and upon filing the finding with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court."

And C. S., sec. 6877, provides: "The finding of the referee upon the whole issue may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts, the finding reported has the effect of a special verdict."

The findings of a referee having the effect of a special verdict are to be governed by the statute regarding special verdicts. C. S., sec. 6861, together with C. S., sec. 6864, provide that the court must enter judgment upon the special verdict, and C. S., sec. 7170, states that on appeal from the judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken, and C. S., sec. 6879, among other things, provides that any interlocutory order, ruling or decision appearing in the record or files or minutes of the court, and rulings, orders or decisions upon objections to the evidence or any contested proceedings upon a trial are deemed excepted to and if they appear upon the record need not be incorporated in a special bill of particulars. The trial judge who appointed the referee and who confirmed the referee's report settled the transcript of the evidence and allowed the same as a bill of exceptions upon this

appeal, and it was further stipulated between the parties that the transcript of the testimony as taken before the referee should be a part of the record on the appeal in this case. It is therefore apparent that the parties intended to treat the transcript of the evidence as though the evidence had been taken before the court and a transcript thereof prepared in compliance with C. S., sec. 6886, and consequently is to be governed by such statute. It therefore appears that the sufficiency of the evidence and all adverse rulings made by the referee may be reviewed the same as if such proceedings had taken place before the trial court and to secure a review of such question on appeal in this court it is unnecessary to have moved for a new trial, and that such motion is only necessary in case the party desired the trial court to review the referee's actions and the evidence and its sufficiency.

"Hence, if the evidence is insufficient to support the referee's findings they may be set aside and a new trial granted, upon proper motion, seasonably made, for a new trial in the District Court, or, by the Supreme Court, on appeal. . . . . In short it is too clear for argument that the statutory modes of reviewing verdicts of juries and the findings of a court are applicable to the findings of fact of a referee upon the whole issue. . . . . " (*United States v. Ramsey,* 158 Fed. 488, 492.)

Among others, *Northrup Nat. Bank v. Webster Refining Co.,* 89 Kan. 738, 132 Pac. 832; *Tribal Development Co. v. White Bros.* (Okl.), 111 Pac. 195, cited by respondent, and similar cases holding that before the sufficiency of the evidence may be reviewed in the appellate court a motion for a new trial must have been presented to the trial court, are not in point, because in this state the sufficiency of the evidence may be reviewed on appeal from the judgment and a motion for new trial is not a condition precedent to such right of review. (*Alder v. Edenborn,* 198 Fed. 928.)

Appellant complains that the referee's report is contrary to law and the evidence because certain evidence was upon objection excluded.

The first objection referred to was made by counsel for appellant, consequently so far as appellant is concerned no error can be predicated thereon.

C. S., sec. 8035, by virtue of which this examination was being conducted, provides:

"A party to the record of any civil action or proceedings, . . . . may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses. . . . . "

This section subjects such cross-examination to the rules applicable to the examination of other witnesses.

C. S., sec. 8034, defines general cross-examinations:

"The opposite party may cross-examine the witness as to any facts stated in his direct examination or connected therewith, and in so doing may put leading questions; but if he examine him as to other matters such examination is to be subject to the same rules as a direct examination."

The limitation therein contained cannot apply to cross-examinations under the statute, because there having been no previous examination in chief, there would be no facts previously stated or matters connected therewith to cross-examine about. The limitation on cross-examination under the statute, since the witness is a party, would therefore be the material issues of the case.

" 'The main purpose of this statute is to permit an adverse party to be called as a witness to prove, or to be interrogated concerning, facts material to the case of the party calling him, and that such witness may be called to prove a single material fact, or any number of material facts, even the whole case. The facts as to which the party calling such witness may desire to examine him are wholly within his discretion. . . . . A witness who is a party to the action is therefore called the same as any other witness to prove certain facts, and not for cross-examination.'

"But because he is deemed an adverse witness, the statute provides that the mode in which he is examined may be that ordinarily employed in cross-examination. . . . . If the evidence sought to be elicited from the witness Hauff was

material, it was clearly erroneous to sustain the objection on the ground that it was not proper cross-examination. Is the evidence sought to be elicited by this question competent or material?" (*Hauff & Storma v. South Dakota Cent. Ry. Co.*, 34 S. D. 183, 147 N. W. 986; *Symes v. Fletcher*, 95 Vt. 431, 115 Atl. 502; *First State Bank v. Anderson*, 46 S. D. 104, 191 N. W. 339; *Waller v. Sloan*, 225 Mich. 600, 196 N. W. 347; *Kuitula v. Abbott*, 229 Mich. 84, 201 N. W. 186.)

The witness was the plaintiff in the action and had demanded an accounting, and had alleged in his complaint that the amount claimed by Foster Crane as due him from the company was excessive and therefore that there was a larger amount due him, Morton, from Foster Crane than was admitted to be due by Foster Crane. The defendant Foster Crane had denied such situation and had submitted a report and had testified in connection therewith. The main issue then was whether or not the accounting and settlement as offered by Crane was correct.

It does not appear that Morton was testifying as an expert in connection with the statement so as to bring him within the inhibition of *Osborn v. Carey*, 24 Ida. 158, 132 Pac. 967. The question of the correctness of charging these items against the company was in issue and the questions were material to such issues, and in the absence of further or more explicit objection, or a showing that the information sought to be elicited came within the restriction of *Boeck v. Boeck*, 29 Ida. 639, 161 Pac. 576, the answers should have been allowed, and while not sufficiently prejudicial to authorize a reversal, because the witness had stated that he did not know anything about any of these checks, the refusal of the court to permit an answer to be given to a further question asked is of a more serious nature.

"Q. You don't know of your own knowledge whether Mr. Crane's accounting that he has filed is correct or not do you?

"A. Well, I don't believe it is correct.

"Q. That isn't what I asked you. I asked you if you knew, of your own personal knowledge whether the accounting was correct or incorrect?

"A. I know the accounting isn't correct as far as we have investigated.

"Q. Now, will you designate to the Court that portion of the total that is incorrect?

"Mr. James: Same objection.

"The Referee: Same ruling."

The objection being "same objection," evidently refers back to the objection by Mr. Watts that it was not proper cross-examination, irrelevant, incompetent and immaterial, and the ruling being, "same ruling" evidently refers back to the ruling of the referee sustaining this objection.

If this question had been answered and by the answer or by subsequent answers the appellant could have shown that the witness' statement, "I know the accounting isn't correct as far as we have investigated," was erroneous in any particular, such answers would have had at least some bearing upon the conclusion which the referee was to ultimately reach. If the witness could not have indicated the portion that was incorrect it would have weakened his statement that so far as he had investigated it was incorrect. If he had pointed out the particulars in which it was incorrect, then the opposition would have had an opportunity to adduce additional testimony on these items and perhaps have proved them correct, at least have tried to meet the witness' statement that the account was incorrect in the particulars designated by him. Thus no matter what the answer of the witness might have been it would have had a direct bearing upon the material issues of the case and the denial of the answers was erroneous. Appellant should have been permitted to investigate the source of Morton's information and the details of his investigation and the items which led him to the conclusion that the account was incorrect (*Park v. Johnson*, 20 Ida. 548, 119 Pac. 52), and since the referee in his finding did not follow the statement as rendered by appellant, it is not unreasonable to suppose

Morton's conclusion influenced the decision and the objection was thus an undue restriction of the cross-examination on a material issue and probably affected the result and therefore was prejudicial. (*Henry v. State* (Ind.), 146 N. E. 822; *Alabama Machinery & Supply Co. v. Roquemore*, 205 Ala. 244, 87 So. 435.)

The other assignments of error deal with the sufficiency of the evidence and the correctness of the referee's conclusions, and since upon a re-examination of the issues the same evidence may not be again introduced or additional evidence may be introduced, we will not comment further upon such assignments except to say that where an accounting is applied for from one occupying a fiduciary relationship, the burden is on him to furnish a full, complete and accurate accounting and to establish any expenditures or credits upon which he relies as offsets to the amounts he admits he has received. (*Fox v. Hall, supra; McManus v. Sawyer,* 231 Fed. 231; *Hobbs v. Monarch Refrigerating Co.*, 277 Ill. 326, 115 N. E. 534), and the record was in this respect far from satisfactory, and this court can well appreciate the difficulties the referee was laboring under in endeavoring to find a true and correct account between the parties.

The judgment of the lower court is therefore reversed, and it is so ordered. Costs awarded to appellant.

William A. Lee, C. J., and Budge, J., concur.

WM. E. LEE, J., Concurring in Part and Dissenting in Part.—I concur in the opinion of Mr. Justice Givens, except that part thereof reversing the judgment because of an objection sustained to certain questions propounded to the witness Morton. Conceding even that there was error in sustaining the objection, I am firmly convinced that it was not serious enough to justify a reversal. The record shows that Crane managed this farm, which was situated in the Hagerman Valley; that Morton lived in Mountain Home, and that what Morton knew of the business was

learned from Crane, who had occasionally stopped at Mountain Home and told him about it. It is extremely probable that whatever information Morton had was furnished him by Crane or some other person. However, the important reason why the claimed error is not prejudicial is that Crane claimed the offset he was seeking to establish, and the burden was on him to show that he was entitled to it. In the majority opinion it is said that:

"  . . . . where an accounting is applied for from one occupying a fiduciary relationship, the burden is on him to furnish a full, complete and accurate accounting and to establish any expenditures or credits upon which he· relies as offsets to the amounts he admits he has received."

Whether Morton knew "of his own personal knowledge" that the accounting was correct or incorrect was not very important. The important thing was for Crane to establish the correctness of his accounting and that he was entitled to his offset. The findings of the referee disclose that he was not influenced in any degree whatever by the suggestion of Morton that he believed the accounting was incorrect, but that his findings were based on other evidence. The evidence is sufficient to sustain the findings, and the judgment should be affirmed. I am authorized to state that Babcock, District Judge, who sat in the case, concurs with me in this view.